MERCANTILE TRUST CO. v. UNITED STATES SHIPBUILDING CO. et al.

(Circuit Court, D. New Jersey. June 30, 1904.)

1. FORECLOSURE—INTERVENTION BY BONDHOLDER.

> In a suit by a trustee to foreclose a mortgage given by a corporation to secure its bonds, all of the bonds being valid as against the corporation, a holder of a part of the bonds will not be permitted to intervene before decree for sale for the mere purpose of litigating a claim to priority over other bondholders; that being a question which can be litigated before the master on application for distribution of the proceeds of the sale.

In Equity. Suit to foreclose mortgage. On petition of Ida E. Wood to intervene as party defendant.

Clarence J. Shearn, for petitioner.
R. V. Lindabury, for James Smith, Jr., receiver.
W. W. Green, for Mercantile Trust Co., trustee.
F. W. M. Cutcheon, for New York Security & Trust Co., trustee.
W. J. Curtis, for reorganization committee.

LANNING, District Judge. This is a suit for the foreclosure of a mortgage given by the United States Shipbuilding Company to the Mercantile Trust Company as trustee. The mortgage secures bonds of the shipbuilding company of the face value of $15,030,000. Ida E. Wood, the petitioner, seeks permission to intervene as a party defendant. By her petition she alleges that she is the owner of bonds secured by the mortgage of the face value of $200,000, which she purchased in 1902 for $195,000 in cash. Her claim is that a large part of the bond issue is tainted by fraudulent representations and acts of the promoters of the shipbuilding company; that some of these bonds were issued to and are still held by the promoters, or by assigns of the promoters who had notice of the alleged infirmity of the bonds; and that she, a purchaser for value and in good faith, has equities superior to the rights of these other bondholders. The foreclosure case has progressed to the point where, in the usual course of procedure, a decree

for the sale of the mortgaged premises should be made. A draft of such decree was submitted to the court with the petition.

As against the shipbuilding company, the bonds are valid, and as against it the Mercantile Trust Company, trustee, is entitled to a decree of sale. The question which the petitioner seeks to litigate relates simply to her status before other bondholders, and to her rights and equities compared with theirs. It is not necessary for her to intervene as a party defendant for the purpose of litigating that question. She can assert her superior equities, if she has any, and maintain them when the bonds are produced for proof before the master on an application for a decree of distribution. Dickerman v. Northern Trust Co., 176 U. S. 193, 194, 20 Sup. Ct. 311, 44 L. Ed. 423. The decree of sale now presented to the court has been carefully framed so as to secure to her the fullest opportunity to contest, at the proper time, the rights of any other bondholder. This is not the proper time for instituting such a contest, and the petition must be denied.