The opinion of the Supreme Court states the case.

Verdict for David R. Reynolds for $500 and for Blanche F. Reynolds for $2,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Frederick Beyer*, with him *Robert Brannan*, assistant city solicitor, and *J. Howard Gendell*, city solicitor, for appellants.

*Henry J. Scott*, for appellees.

PER CURIAM, April 27, 1908 :

The plaintiff, walking at night along Diamond street, stepped into a hole or depression, apparently the cover of a water box which had sunk several inches and was an obstruction in the line of travel. The plaintiff herself was not very clear as to the cause of her fall, but she said " My foot went in and I fell," but her companions examined the spot immediately and were more explicit.

On the question of her own negligence she was also far from clear, but among other answers she said she was just looking the way she walked. On both points it was a case for the jury.

Judgment affirmed.

---

# Girard Trust Company *v.* Avonmore Land & Improvement Company.

*Corporation—Mortgage—Foreclosure—Equity—Jurisdiction—Act of May 4, 1893, P. L. 29.*

Where a mortgage or deed of trust of a Pennsylvania corporation empowers the trustee to foreclose upon a request of a majority of the bondholders, and a majority makes such a request, the trustee may file a bill in equity for foreclosure, and is not restricted to a scire facias at law. In such a case a court of equity has jurisdiction not only under its general chancery powers, but also under the Act of May 4, 1893, P. L. 29. The insertion of a power of sale in such a mortgage does not supersede the remedy of a foreclosure bill.

Argued Jan. 17, 1908.   Appeal, No. 374, Jan. T., 1907, by the Alcania Company, from decree of C. P. No. 2, Phila. Co., March T., 1907, No. 2,426, on bill in equity in case of Girard Trust Company v. Avonmore Land & Improvement Company, defendant, and Alcania Company.  Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Bill in equity to foreclose a deed of trust.

WILTBANK, J., filed the following opinion:

The questions discussed relate to the jurisdiction of this court of a bill filed by a corporation, in obedience to the demand of creditors for the foreclosure of two mortgages to secure the bonds of another corporation, and for an accounting of the proceeds among bondholders and other creditors, the pledged land to pass free of lien. The equity trial judge admitted to intervene a third corporation having an equitable lien upon the pledged land later in its creation than the first mortgage of the plaintiff, but earlier than the second. It is this third corporation that raises the question of jurisdiction on demurrer to the bill.

The plaintiff, the Girard Trust Company, and the defendant, the Avonmore Land & Improvement Company, are in accord as to the right of the plaintiff as trustee for bondholders to obtain a decree. The required number of bondholders have directed the plaintiff to foreclose. They were expressly empowered to do this by the terms of the mortgages. The intervening corporation, known as the Alcania Company, does not dispute the right of the Girard Trust Company to proceed for failure of performance of the covenants for payment; it admits the failure, but it contends that the remedy is by scire facias at law, and that as no jurisdiction to foreclose in equity has been created in Pennsylvania the necessity for an account, which it cannot dispute, is not sufficient to hold the bill. The covenant of the mortgagor that the mortgagee may sell on default is not relied on as a bar to the decree, but its relation to the subject will later be briefly adverted to.

The lien of the Alcania Company involves a complication which would bring it into an accounting with the bondhold-

ers and the Alcania Company were the property to realize in money beyond a certain limit.

The first mortgage of the Avonmore Land & Improvement Company was executed and delivered on January 23, 1894. The second mortgage was executed and delivered on June 2, 1900. At a time between these dates, on August 28, 1898, one Hilyard and one Wylie entered into a contract with the Avonmore Land & Improvement Company by which they and their assigns obtained from the company a lease of a part of the tract mortgaged to the plaintiff, comprising ten acres, for the purpose of erecting a two-mill plant thereon for the manufacture of tin, etc. They secured the right to purchase the tract thus let upon certain terms, and became entitled to the sum of $41,000 as a bonus or reward for improvements erected aiding the development and availability of the entire tract. Their estate and rights passed from them by due assignment to the Alcania Company, and that company improved the land according to the contract, and thus acquired the title to the bonus stipulated to be paid by the Avonmore company at certain stages of the development of the property. A part of this bonus has been paid. The lien on the entire tract mortgaged to the Girard Trust Company was created at the time, and still subsists in favor of the Alcania Company, as appears by the contract and deeds between the parties. It was upon a demonstration of these circumstances in its petition to intervene that the trial judge permitted the Alcania Company to appear and argue its demurrer to the jurisdiction.

To support their contention counsel for the Alcania Company cite the case of Ashhurst v. Montour Iron Co., 35 Pa. 30, and with confidence rely upon it as conclusive in their favor. In that case John Ashhurst and Edwin M. Lewis filed a bill for the foreclosure of a mortgage delivered to them by the Montour Iron Company to secure its bonds, averring that there had been a breach of covenant of the mortgagor, a pecuniary default, and consequently a resulting right and duty in the plaintiff to foreclose. I have examined the pleadings and briefs as among the records of the nisi prius. The bill averred that a trust had been created by the defendant in and by an indenture of mortgage which was exhibited, and that the plaintiffs survived Isaac R. Davies, who had been appointed

with them, and prayed for a decree of sale in their behalf as mortgagees.

The bill appears to have been taken pro confesso. The case was referred to Joel Jones, Esq., as master, and his report ascertained the entire indebtedness on the bonds issued by the company and the interest due up to the date of the filing thereof. A decree was entered approving the report of the master, and further specifically finding what moneys were due for principal and interest in the premises, and ordering a sale of the lands by John Ashburst and Edwin M. Lewis, surviving trustees, subject to a certain lien or liens therein described, and free, clear and discharged of all other liens.

The error assigned in the Supreme Court was the decree in favor of the mortgagee entered without authority in the judge to take cognizance of an obligation created and enforceable at law. It was argued that the nisi prius sitting in equity had not jurisdiction.

The Supreme Court adjudged that the nisi prius had not jurisdiction of the cause, the parties were found upon the proofs to be individuals, debtor and creditor, sustaining no fiduciary relation, but, on the contrary, bound by a legal obligation recognized and enforced at law as one of the most familiar and extended subjects of its daily administration. The controlling circumstance was that the defendant owed money on its bonds; true it was, that in order to facilitate the raising of the loan and assure repayment, and thus to sustain and perhaps strengthen its credit, it had conveyed to the plaintiff property as security. This property so far as the defendant or mortgagor was concerned was held by the plaintiff or mortgagee in his own right at law to the use of a body of creditors and indirectly to that of the corporation debtor. The terms of the mortgage stipulated for the sale of the pledged property upon the breach of its obligation by the debtor. But the process intended and directed in the instrument was at law under the statutes providing a writ of scire facias. No risk was shown to be apprehended as to the distribution of the fund. The creditors were, therefore, neither plaintiffs nor defendants. Upon default the mortgagee became responsible to them, and we must therefore recognize a trust primarily in their behalf; but so far as any action at law was involved, the

mortgagee was the creditor of the mortgagor, and as such had ample remedy. He was the legal plaintiff and the use plaintiffs were not in view. It is true that had there ensued a failure of the mortgagee to account for the proceeds of the sale he would have stood answerable to the mortgagor, and in this sense would have incurred the responsibility of a trustee in respect of his ultimate liability, provided an action at law, for money had and received or the like, appeared inadequate. But this contingency was remote, and could not be regarded as a feature of any significance at the time the bill was filed.

It is clear that in Ashhurst v. The Montour Iron Co., the appellant and appellee appeared in the character of mortgagor and mortgagee last described. There was nothing to show that the mortgagee as trustee for bondholders upon proper case shown desired the aid of the court in the execution of the primary trust; he sued as mortgagee without regard to his liability to account over, and he excluded the cestuis que trustent.

The judgment in Ashhurst v. Montour Iron Co., and in the later cases referring thereto laid stress upon the distinction between an application for equitable relief on the part of a mortgagee against a mortgagor, each merely that and nothing more, and the application of a trustee or of cestuis que trustent specifically in that character to a court of chancery for relief. The statutes and decisions make it evident that we have jurisdiction generally in equity where relief is sought as between parties to a trust, to wit: the trustee and the cestuis que trustent; and further that in cases of accounting, where the adjustment of claims and equities must involve a nicer consideration and more intricate process than is usually within the capacity of a jury, a chancellor will proceed without hesitation. The expressions of the Supreme Court indicating the distinction are numerous, and on the subject of accounting they are unvarying. Mortgagor and mortgagee are debtor and creditor at law dealing with a pledge as an incident of a contract of loan on which the remedy at law is ample.

"But," said the Supreme Court in grouping the statutes conferring jurisdiction, "control of trustees or trust property and of trustees' accounts is expressly conferred:" Ashhurst v. Montour Iron Co., 35 Pa. 30.

In the case at bar the Alcania Company attempts to confine

the contest to the Girard Trust Company and the Avonmore
Land & Improvement Company, without regard to the con-
stituents of the Girard Trust Company, but this is neglecting
the controlling circumstance of the litigation and that which
distinguishes it from the case first examined, to wit: the in-
sistence on the part of the bondholders acting through a stip-
ulated majority that the mortgagee as trustee proceed to
realize upon the property pledged. The use plaintiffs are the
actors. Their demand has been formulated and presented un-
der the terms of the mortgage, and has been found just and
proper by the mortgagor or debtor. The default is admitted
and a sale of the property is assented to. The object of the
trustee in this situation is to perform its duty most efficiently
in the interest of all concerned, and to this end to make a sale
of the land discharged of incumbrances and free from imper-
fections of title and also to appropriate the proceeds upon
due accounting according to the rights of the creditors and
the debtor. It is conceded in behalf of the Alcania Company
that we would have had jurisdiction had the bondholders de-
manded action on the part of the Girard Trust Company and
that company had refused. In such case, it was argued, the
litigation would have been between the Avonmore Land &
Improvement Company and its creditors with a legal title out-
standing in the representative of both. It was agreed that
jurisdiction would have attached had the Girard Trust Com-
pany peremptorily declined to proceed, because then the bond-
holders would have become entitled to have the trust ex-
ecuted for them, and this right a chancellor would have
enforced at their instance. Were we not to regard the bond-
holders as parties primarily interested here, or, in other words,
as the actors, we yet could not pronounce the trustee bound
to incur the risk of even a formal breach of its covenants as
a meritorious act creating an equity in its own behalf; nor
could we look to its assent or dissent as the test of our juris-
diction.

The power of sale granted the Girard Trust Company is
not a bar to this proceeding. Under the earlier cases in Eng-
land the conclusion would have been otherwise. It was first
held by the chancellor that there was no right to foreclose
where there was such power of sale: 2 Spence's Equity Ju-

risprudence, 676 ; Sampson v. Pattison, 1 Hare, 533 ; Down v. Morris, 3 Hare, 394. But it has been decided in this country, as well as in England, that the insertion of a power of sale in a mortgage does not supersede the remedy of a fore-closure bill : Clark v. Jones, 93 Tenn. 639 (27 S. W. Repr. 1009). The modification of the law of England was created by the 15 and 16 Victoria, chap. 86.

We, therefore, conclude that we have jurisdiction, on the ground that the trustee has been constrained by the action of the cestuis que trustent to proceed to foreclose the mortgage, and that this constraint may be regarded in one aspect as adverse to the trustee, who, therefore, is entitled to the protection of the chancellor as he enters upon the performance of his duty, and further to this end entitled to secure a decree that the purchasers of the land take a clear title.

Indeed, the action of the Alcania Company shows the expediency of a decree pursuant to the prayer of the bill, because it has brought itself before us as a creditor claiming the right to obstruct the course of collection in behalf of other creditors ; it thus gives color to the indication that had the case proceeded beyond the demurrer the Alcania Company would have regarded itself as in position as defendant to interpose obstacles to a sale by way of securing a recognition of its equitable right and some recompense for its later accommodating itself to the course which the bondholders believed to be for their best interest. This discloses a threatened contest between creditors of a corporation. Unless the Girard Trust Company by advertising a sale discharging liens can make title to purchasers without putting them to the risk at some stage of such contest, a notice of the Alcania Company published at a sale might deter buyers and inequitably prejudice the bondholders by a falling off in the bids. Our authority is adequate upon the principles herein cited. But besides this we have the warrant of the Act of May 4, 1893, P. L. 29, which provides that the several courts of common pleas having the powers of a court of chancery shall have jurisdiction of all litigations and disputes between stockholders, and parties claiming to be stockholders, and between creditors and stockholders, and creditors and the corporation, of all corporations within the state.

The exception to the finding of the trial judge is dismissed, and the demurrer of the Alcania Company is overruled. The prayer of the bill is granted.

The court entered a decree of foreclosure.

*Error assigned* was the decree of the court.

*David Wallerstein,* with him *Francis Fisher Kane* and *Arthur O. Fording,* for appellant.—A court of equity had no jurisdiction : Ashhurst v. Montour Iron Co., 35 Pa. 30 ; Bradley v. Chester Valley R. R. Co., 36 Pa. 141 ; Phila., etc., R. R. Co. v. Johnson, 54 Pa. 127 ; McElrath v. R. R. Co., 55 Pa. 189.; Winton's App., 87 Pa. 77 ; Fidelity Title & Trust Co. v. Schenley Park, etc., Ry. Co., 189 Pa. 363 ; Old Colony Trust Co. v. Transit Co., 192 Pa. 596.

The act of May 4, 1893, did not extend the equity jurisdiction of the court of common pleas so as to include bills for the foreclosure of mortgages given by corporations other than those designated in the acts of 1876 and 1877 : Coe v. Coke Co., 30 Pa. C. C. Rep. 113.

*John Hampton Barnes,* for appellee.

PER CURIAM, April 27, 1908 :

The decree is affirmed on the opinion of the learned court below.

---

# Stevenson *v.* United States Express Company, Appellant.

*Negligence—Animals—Unattended horse in city street—Contributory negligence—Question for jury.*

One who leaves a horse unhitched and unattended on a city street takes the risk of what the horse may do. Such an act raises a presumption of negligence and puts on the party doing it the burden of showing circumstances which justified or excused it. How strong the presumption will be must depend largely on the circumstances. If the horse is young, skittish, nervous or unused to the sights and sounds of a city street the presumption would be strong, while if he is old, staid and accustomed to city life, it might be very slight.