# Commonwealth *v.* Keystone Graphite Company et al., Appellants.

*Liens — Priority — Corporation mortgage — Mortgagee's sale to trustees—Tax lien—Sheriff's sale.*

A corporation mortgaged its property to a trust company to secure a bond issue and thereafter sold its interest in the mortgaged premises to another company. A lien for unpaid capital stock taxes was then entered against the vendee corporation. The property was subsequently sold by the mortgage trustee under a power of sale contained in the mortgage, to certain trustees for the bondholders. Thereafter in proceedings instituted by the Commonwealth upon the tax lien the property was sold at sheriff's sale to the trustees for the bondholders. *Held,* since the sale on the mortgage was not a judicial sale the tax lien was not thereby divested, and on the sheriff's sale on the tax lien the proceeds were properly awarded to the Commonwealth to the exclusion of the trustees for the bondholders.

Argued Feb. 6, 1917.    Appeal, No. 245, Jan. T., 1916, by defendants, from order of C. P. Chester Co., Oct. T., 1915, No. 13, dismissing exceptions to report of auditor, in case of Commonwealth of Pennsylvania v. Keystone Graphite Company, with notice to Hiram C. Himes, Charles L. Reid and Edmund B. Seymour, Trustees for the Bondholders of the New Philadelphia Graphite Com-

pany, terre-tenants. Before BROWN, C. J., MESTREZAT, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Exceptions to report of auditor distributing the proceeds of a sheriff's sale of real estate. Before HAUSE, J.

The opinion of the Supreme Court states the facts.

The court dismissed the exceptions. Defendants appealed.

*Errors assigned* were in dismissing the exceptions.

*Edmund Bayly Seymour, Jr.,* with him *Arthur P. Reid,* for appellants.—The lien of the Commonwealth was junior to the mortgage and was divested by the public sale of the mortgaged premises: Sweeney v. Arrowsmith, 43 Pa. Superior Ct. 268.

*Isabel Darlington,* with her *Thomas S. Butler,* for appellee.—The sale of the property by the mortgage trustee divested the lien of the mortgage, but did not divest the Commonwealth's lien, and the lien of the Commonwealth thereby became a first lien upon the premises.

OPINION BY MR. JUSTICE WALLING, March 19, 1917:

In 1905, the New Philadelphia Graphite Company, a New Jersey corporation, took title to certain real estate in Chester County, Pennsylvania, and at the time executed a deed of trust in the nature of a mortgage to the Union Trust Company (now Merchants Union Trust Company), to secure an issue of bonds to the amount of $50,000. In 1907, the Keystone Graphite Company, a Delaware corporation, purchased the property from the New Philadelphia Graphite Company, subject to the mortgage. On December 14, 1910, the Commonwealth entered its lien for capital stock taxes for the years 1907 to 1910, against the Keystone Graphite Company. On December 21, 1910, the trust company, pursuant to authority contained in the mortgage, sold the property

at public auction for $5,000, to certain parties as trustees for the bondholders.    In 1912, the Commonwealth issued a scire facias on its lien, and the last named trustees, being served as terre-tenants, made defense on the ground that plaintiff's lien had been divested by the public sale.    Such defense was held insufficient and judgment was entered for the Commonwealth in the court below, which was affirmed by this court in Com. v. Keystone Graphite Co., 248 Pa. 344.    It is there held that the sale on the mortgage, not being a judicial sale, did not divest the plaintiff's lien.

In 1915, the Commonwealth issued a levari facias on the judgment, by virtue of which the sheriff sold the real estate to trustees for the bondholders for $1,-860.00.    The court below confirmed the auditor's report awarding the fund, less costs, etc., to the Commonwealth on its judgment.    From this decree the trustees for the bondholders took this appeal.    The fund was rightly distributed.    The public sale on the mortgage divested its lien and left that of the Commonwealth the first lien against the property.    The sheriff sold the land as the property of the Keystone Graphite Company, and his deed conveyed whatever interest the company had in the land when the lien of the Commonwealth was filed; and, so far as relates to this distribution, it is not important whether his deed carried a fee or merely an equity of redemption.    The sheriff's sale certainly did not divest the lien of the mortgage, and hence the holders of the bonds thereunder have no claim on this fund.    It is res adjudicata that the Commonwealth's lien was not divested by the sale on the mortgage, and hence the purchasers of the land at that sale have no claim here.    One who buys land subject to a lien does not thereby become entitled to the proceeds derived from a subsequent judicial sale of the same property on such lien.

There is nothing in the record to support a claim by the purchasers at the sheriff's sale to recover back in this

distribution the consideration they there paid for the property. The rule of caveat emptor applies to such sale; and, aside from that, there is nothing to indicate that the sheriff's vendees did not acquire a valid title. In our opinion the question of the statutory right of the Commonwealth to enforce liens filed for such taxes, to the prejudice of the holders of prior mortgages whether given for purchase-money or otherwise, is not involved in this case.

The assignment of error is overruled and the order of distribution is affirmed at the costs of the appellants.