# Norristown Trust Co., Trustee, *v.* Montgomery Transit Co. et al., Appellants.

*Corporations—Mortgage—Foreclosure—Interveners—Equity.*

1. Where a trustee of the first mortgage of a corporation has secured an order of sale in a foreclosure proceedings, interveners, owning bonds under a later mortgage, with the same trustee, have no standing to pray that the decree of foreclosure be set aside, where no fraud is shown, nor invalidity of the first mortgage, nor irregularity of the proceedings, nor insolvency of the corporation.

2. In such case, it is no ground for setting aside the decree that the holders of the bonds under the first mortgage were the officers and directors of the corporation, and that they were guilty of such negligence as caused a loss exceeding the value of their bonds.

3. The fund realized by the foreclosure sale will take the place of the property, and any claims the interveners may present against it can be adjudicated on distribution.

4. If the court makes an order substituting a new trustee of the later mortgage, and making such trustee and a receiver, secured in other proceedings by the interveners, parties to the foreclosure, such order will safeguard all interests.

Argued January 30, 1923. Appeal, No. 247, Jan. T., 1923, by C. S. Newhall et al., intervenors, from decree of C. P. Montgomery Co., June T., 1922, No. 4, in foreclosure proceedings, in case of Norristown Trust Co., Trustee, v. Montgomery Transit Co. and C. S. Newhall et

al., intervening defendants.  Before MOSCHZISKER, C. J.,
FRAZER, WALLING, SIMPSON, SADLER and SCHAFFER, JJ.
Affirmed.

Bill in equity to foreclose corporate mortgage.  Before STEWART, P. J., specially presiding.

The opinion of the Supreme Court states the facts.

Decree allowed intervention but denied other relief.
C. S. Newhall et al., intervenors, appealed.

*Error assigned* was decree, quoting record.

*Lewis Lawrence Smith,* with him *D. Yeakel Miller* and
*George Vaughan Strong,* for appellants.—Neither the
holders of the first mortgage bonds nor the trustee of the
first mortgage are entitled in equity to a foreclosure of
the mortgage: Fell v. Pitts, 263 Pa. 314; Loan Society
v. Eavenson, 248 Pa. 407; Keystone, etc., Co. v. Bate,
187 Pa. 460; Northampton Trust Co. v. Traction Co.,
270 Pa. 199.

*Franklin L. Wright,* with him *Aaron S. Swartz, Jr.,*
for appellee, cited: Klaus v. Majestic Apartment House
Co., 250 Pa. 194; Northamptin Trust Co. v. Traction
Co., 270 Pa. 119; Phila. Trust Co. v. Traction Co., 258
Pa. 152.

OPINION BY MR. JUSTICE WALLING, February 19, 1923:
As a result of a reorganization of the Montgomery
Transit Company, defendant, its bonds to the amount of
$150,000 were issued in 1911 and the Norristown Trust
Company, plaintiff, was named as trustee in a first
mortgage given to secure the payment thereof.  The
bonds were made payable in 1931, with coupons attached
for semiannual interest, the mortgage providing that a
default for sixty days in payment of interest rendered
the entire principal due and payable.  That issue of
bonds was sold to and is held by four men, now or for-

merly also interested as officers and stockholders in the defendant company. The latter was not a financial success and, in 1916, its directors entered into a contract (later ratified by the stockholders) with one W. R. Edelman, by which he acquired the active control of defendant and became owner of a majority of its capital stock. The contract also contained a provision, never consummated, for the redemption of the outstanding bonds. Under the Edelman management an issue of $600,000 of first and refunding mortgage bonds was authorized, being ostensibly $425,000 for extensions and improvements and $175,000 to redeem the first issue of bonds. The plaintiff trust company was also named trustee in the $600,000 mortgage, which was expressly made subject to the first mortgage under the former, in 1917, bonds to the par value of $425,000 were duly issued and turned over to Edelman, who sold them or most of them and embezzled the proceeds, so the contemplated improvements were never made. The transit company was abandoned by Edelman and restored to its former control about 1919; but in 1921 C. S. Newhall, Otho Nowland and J. Rich Grier, representing $220,000 of the last issue of bonds, filed a bill in equity in the court below, alleging the mismanagement and insolvency of the transit company and praying, inter alia, for the appointment of a receiver. An answer was filed and testimony taken, from which the trial court made extensive findings of facts and legal conclusions, and appointed receivers.

Meantime, defendant had defaulted in payment of the interest on the first issue of bonds, so that, on June 29, 1922, this default amounted to $9,750. On that day plaintiff filed its bill setting out all necessary facts and praying for a decree for the foreclosure of the first above stated mortgage, accompanied by an answer of defendant admitting all the averments of the bill and submitting itself to the decree of the court. Thereupon the court, on July 1, 1922, entered a decree of foreclosure as prayed

for. Ten days thereafter the appellants here, being the parties who had petitioned for the appointment of a receiver, presented their petition for leave to intervene and file an answer in the foreclosure proceedings, which was granted and testimony taken. The trial court, however, deemed the reasons insufficient to prevent the foreclosure sale and thereupon made a decree as follows: "And now, November 8, 1922, this cause came on to be heard upon petition and answer thereto, and, upon consideration of the testimony taken and after argument, it is ordered, adjudged and decreed that the petitioners are permitted to intervene in above suit, and the answers attached to their petitions are filed and made a part of the record. Application to set aside the decree of foreclosure and judgment entered July 1, 1922, and other relief prayed for, is denied, and after the substitution of trustee under the first and refunding mortgage is made, and the new trustee and the receivers are made parties to this cause, an application may be made to the court to fix a day for the public sale of the property of the defendant under the terms of said decree, or as the same may hereafter be modified"; from which the parties so intervening brought this appeal, assigning the last above quoted decree as the only error.

Appellants offered in evidence the proceedings on their petition for appointment of a receiver, and the trial judge here adopted as his own the findings there made, which cover the case, and leave appellants, who offered them, no cause for complaint. Moreover, what we are now reviewing is not the usual equity suit where formal findings and a decree nisi are called for, but merely an application to set aside a decree of foreclosure. Again, no question is raised as to the validity of the bonds or mortgage, nor as to the default or regularity of the proceedings, nor insolvency of the defendant; the plaintiff is, therefore, entitled to the remedy stipulated in the mortgage: Phila. Tr. Co. v. Northumberland Co. T. Co. et al., 258 Pa. 152; Dickerman v. Northern Trust Com-

pany, 176 U. S. 181; and see Northampton Tr. Co. v. Northampton T. Co., 270 Pa. 199; Central Trust Co. v. Cincinnati, H. & D. Ry. Co., 169 Fed. 466. No fraud is charged here, the gist of appellants' contention being that the four holders of those bonds, as officers and directors of the defendant company, were guilty of such negligence as caused it financial loss exceeding the value of their bonds. The trial court did not, nor do we, pass upon the validity of such contention, for, if well founded, relief could not be granted appellants in the summary manner here attempted. The fund realized by the foreclosure sale will take the place of the property and any claim appellants may present against it can be adjudicated on distribution: Mercantile Trust Co. v. United States Shipbuilding Co., 130 Fed. 725. The trial judge finds that all the property now owned by defendant is covered by the first mortgage; even if otherwise, it would not prevent a foreclosure thereof: Phila. Tr. Co. v. Northumberland Co. T. Co., supra; Columbia & M. Elec. Co. v. North Branch T. Co., 258 Pa. 447.

The order appealed from safeguards the interests of all parties by the substitution of a new trustee under the first and refunding mortgage and by making such trustee and defendant's receiver parties to this record; that being done, no reason appears for further delay.

The decree is affirmed at the costs of appellants, but without prejudice to their rights in this or any other proceeding.