Bruckman Lumber Co., to use, *v.* Pittsburgh Insurance Co. et al. Pittsburgh Investment Building Co., Intervening Defendant, Appellant.

Argued March 18, 1932. Before FRAZER, C. J., SIMP-SON, KEPHART, MAXEY, DREW and LINN, JJ.

*Gifford K. Wright,* of *Alter, Wright & Barron,* for appellant.—A sale by a trustee under the power of sale contained in a corporation mortgage conveys the property freed of a mechanic's lien entered subsequent to the record of the mortgage: Bancroft v. Ashhurst, 2 Grant 513; Schoyer v. Cement Oil & Refining Co., 284 Pa. 189; Com. v. Coal Co., 296 Pa. 359; Bavington v. Clarke, 2 P. & W. 115; Robinson v. Miller, 158 Pa. 177.

*Andrew E. Sloan,* for appellee.—The cases of the Com. v. Graphite Company, 248 Pa. 344, 257 Pa. 249, relied upon by the court below, are directly in point upon the question raised by this appeal.

The judgment in favor of the appellee was regularly entered as due and owing for labor and materials sold and delivered by the appellee to the contractor of the predecessor in title of the appellant herein, and not only legally but equitably the appellee is entitled to recover thereon.

OPINION BY MR. JUSTICE LINN, June 30, 1932:

A terre-tenant appeals from judgment for want of a sufficient affidavit of defense filed in answer to a scire facias sur mechanic's lien. The affidavit admits the facts on which the lien, as of April 26, 1926, is claimed. The question for decision arises in the following circumstances: On April 16, 1926, the Pittsburgh Insurance Exchange, Inc., executed and delivered to a trustee a deed of trust in the nature of a mortgage to secure an issue of bonds. It was recorded April 19, 1926. On June 14, 1928, the mortgagor defaulted on the bonds, whereupon the trustee, pursuant to the terms of the deed, sold the property at public sale for $1,000, subject to a prior first mortgage. The defense is that the trustee's sale divested the mechanic's lien.

The learned court below held that it had been determined in two decisions of this court that liens, created after the lien of a mortgage, but prior to the date of the exercise of the power of sale in foreclosure, were not divested by such sale because it was not a judicial sale, and that, accordingly, the defense averred was insufficient. Those decisions were rendered in Commonwealth v. Keystone Graphite Co., 248 Pa. 344, 93 A. 1071, and 257 Pa. 249, 101 A. 766. Appellant would avoid their effect by suggesting that the court was dealing with liens "on behalf of the Commonwealth for capital stock taxes." But the decisions were not based on the preferential character of the tax claims, as was distinctly stated (see 257 Pa. at 252): "......The question of the statutory right of the Commonwealth to enforce liens filed for such taxes to the prejudice of the holders of

prior mortgages whether given for purchase-money or otherwise is not involved in this case." At page 251, we said: "It is there held [Com. v. Keystone Graphite Co., 248 Pa. 344] that the sale on the mortgage, not being a judicial sale, did not divest the plaintiff's lien." See too Com. v. Lowe Coal Co., 296 Pa. 359, 364, 145 A. 916.

Appellant contends that we should now adopt a rule, said to be applied in other states, to the effect that a sale in foreclosure by such a trustee has the same effect as a judicial sale pursuant to a decree in equity, or on a judgment at law (as under our practice by sci. fa. pursuant to the Act of 1705, 1 Sm. L. 575, 621, P. S., section 791, and supplements: Federal Land Bank v. King, 294 Pa. 86, 143 A. 500). It is unnecessary for present purposes to consider whether this mortgage or deed of trust created an estate or a lien (cf. Harper v. Consolidated Rubber Co., 284 Pa. 444, 451, 131 A. 356). For more than 150 years the Act of 1705 and supplements had provided a satisfactory and expeditious method of foreclosing mortgages by proceeding by scire facias, etc. With the growth of the modern corporation mortgage, it was found that a more flexible method of foreclosure was desirable and that the proceeding at law was inadequate or inconvenient for the disposition of the complex questions frequently presented in the foreclosure of such mortgages. In 1860 several bills were filed in this court, for hearing at nisi prius, to obtain decrees of foreclosure under corporate mortgages, but they were dismissed for want of jurisdiction: Ashhurst v. Montour Iron Co., 35 Pa. 30; Bradley v. Chester Valley R. R., 36 Pa. 141 (see too Bancroft v. Ashhurst, 2 Grant 513, to be referred to presently considering another phase of the Montour Iron Company mortgage). It was probably in consequence of these decisions that the Act of April 11, 1862, P. L. 477, was passed to vest in this court "jurisdiction of a court of chancery in all cases of mortgages given by corporations": McElrath v. R. R. Co., 55 Pa. 189; McCurdy's App., 65 Pa. 290. Such jurisdiction is now in the com-

mon pleas: Girard Trust Company v. Avonmore Land, etc., Company, 221 Pa. 52, 70 A. 266; Norristown Trust Co. v. Montgomery Transit Co., 276 Pa. 488, 120 A. 452; Phila. Trust Co. v. Northumberland Co. Traction Co., 258 Pa. 152, 101 A. 970; Northampton Tr. Co. v. Traction Co., 270 Pa. 199, 112 A. 871.

It may be, as appellant contends, that modern business experience has shown that another step should be taken, and that the rule which it suggests might well become the law of this Commonwealth. Appellee replies with the suggestion that much harm may result, unless the exercise of such power is safeguarded by statute, as appears to be the case in some states, providing judicial protection for or regulation of the rights of lien creditors and others possibly interested in the exercise of the power. As it is already settled in this Commonwealth that such a sale has not the effect of a judicial sale in discharging liens, thus becoming a rule of property, we need not consider the argument further; if the law is to be changed, it is matter for legislative consideration. This phase of the subject is treated at length in Jones on Mortgages, 8th edition, volume III, chapters 39 and 40, pages 742 et seq.

It remains only to refer to Bancroft v. Ashhurst, supra, a decision at nisi prius. Appellant contends that it was decided in that case that a trustee's sale under such a power discharged subsequent liens. The bill was filed to restrain foreclosure by sale under the power, and one of the grounds was that such sale would not divest the lien of subsequent encumbrances on the mortgaged premises, in consequence of which a perfect title could not be acquired by the purchaser. In dismissing the bill, THOMPSON, J., said: "On the whole I see nothing in the case to justify any doubts in regard to the title which the purchaser will take under the power to sell." It is by no means clear that he meant also to rule that junior liens would be divested for it does not appear that such lienors were parties to the suit, or otherwise heard. In

any event the learned court below was right in not regarding that decision as authority for appellant's proposition that the mechanic's lien was divested by the sale under the power, in the light of the two more recent decisions in the Graphite Company's cases that as the trustee's sale was not a judicial sale the junior lien was not divested.

Judgment affirmed.