Miners National Bank of Pottsville *v.*
Frackville Sewerage Company.

168

Argued March 12, 1945. Before Baldrige, P. J., Rhodes, Hirt, Reno, Dithrich and Ross, JJ.

*D. J. Boyle,* for appellant.

*Walter Sidoriak,* for appellee.

Opinion by Hirt, J., April 16, 1945:

George A. Haupt, Jr., owned a sewerage system in the Borough of Frackville and on January 17, 1933 Frackville Sewerage Company was incorporated to take it over. Haupt held the controlling interest in the stock of the corporation and throughout the period with which we are concerned was its president, treasurer and general manager. The corporation in April 1933 delivered its corporate mortgage to Miners National Bank as trustee in support of a contemplated bond issue of $145,000. Bonds aggregating that amount, properly executed on behalf of the corporation, were delivered to the bank. In accordance with a provision in paragraph 17 of the mortgage, $60,000 of the bonds were certified by the bank as trustee and were delivered to Haupt in full payment of the system sold by him to the corporation. The same paragraph of the mortgage referred to the contemplated uses of the proceeds of the remaining bonds; $70,000 was dedicated to future

development and improvement of the system (none of these bonds was ever issued); the remaining $15,000 was "to be used by the corporation for operating expense and other proper needs of the corporation as may be determined by the officers or directors of Frackville Sewerage Co."

On August 15, 1938 the only outstanding bonds were those originally delivered to Haupt in payment for the system. He had sold or assigned his entire holding of $60,000 to others. The company was heavily in debt for electric power, taxes, services of its employees and other obligations and had defaulted in three successive semi-annual payments of interest on the bonds. On the above date, at the request of one of the then owners of bonds, Miners Bank as trustee brought foreclosure proceedings on the mortgage by bill in equity. On petition, eight other holders, together owning $52,000 in bonds, were allowed to intervene as parties plaintiff—among them Richard Krapf, the appellant here, who held $2,300 of the bonds. The bill was taken pro confesso on September 27, 1938, and on November 21, 1938, Miners Bank as trustee was directed by order of court to sell all of the sewer lines, rights of way, franchises, land, machinery and equipment of Frackville Sewerage Company at public sale. At the foreclosure sale on December 27, 1938, after due notice, all of the property, rights, and franchises of the company were sold to the Borough of Frackville on its high bid of $52,350; the sale was confirmed by the court on January 9, 1939.

The controversy in this appeal arises from the decree of distribution of the proceeds of sale. The issues are between Richard Krapf, appellant, and Cyril Kilker, Cletus Kilker and H. O. Bechtel, appellees. These appellee attorneys, acting together, were general creditors of the corporation for professional services rendered. The complaint is that the court erred in giving their joint claim preferred status in distributing the fund on

equality with the bonds outstanding at the time of the sale.

These are the circumstances which prompted the order: Appellees over an extended period had rendered many necessary legal services to the company. The quality and value of these services are not questioned. In consideration of past as well as future services to be furnished by appellees, George Haupt, Jr., on behalf of the corporation in August 1938, agreed to deliver to them the bonds of the company of $15,000 face value above referred to. The officers of the Frackville Sewerage Company (George Haupt, Jr., president and treasurer, and Robert Hall Craig, secretary) on October 13, 1938 adopted a resolution to give effect to Haupt's agreement in part as follows: "It appearing to the officers that a necessity has arisen for the use of the bonds of the face value of Fifteen thousand dollars ($15,000.00) held in the treasury of the company under the provisions of the seventeenth paragraph of the mortgage securing the bond issue of said company, dated 27th day of April, 1933, it was resolved that the officers request the Miners National Bank of the City of Pottsville, trustee under said mortgage, to deliver to the treasurer of the said Frackville Sewerage Company, George Haupt, Jr., bonds of the face value of fifteen thousand ($15,000.00) dollars for the use of the corporation for operating expenses and other proper needs of said corporation, as provided for in paragraph seventeen as aforesaid; ......" On notice of this resolution Miners Bank as trustee certified the bonds and delivered them to Haupt as treasurer. He, contrary to his agreement with appellees, refused to deliver the bonds to them in the belief that the bonds could not legally be issued for the purpose until approved by the Public Utility Commission. In an action in equity brought by appellees on August 9, 1939, the court restrained the bank from distributing the fund. And in that action the final order on December 21, 1942 directed that $15,000 in bonds

he delivered to appellees. Delivery was made in accordance with the order. On distribution of the proceeds of the foreclosure sale of December 27, 1938, appellees as holders of these bonds, in the order which gave rise to this appeal, were awarded a pro rata share in the fund on a parity with the holders of $60,000 in bonds outstanding at the time of the sale. In this we think there was error.

Although appellant, for himself and on behalf of other owners of $52,800 in bonds, intervened in the equity proceeding brought by appellees, as parties defendant, his rights are not foreclosed by the final order in that case unappealed from by him. The court (whether rightly or wrongly is unimportant) in that proceeding refused to decide the question of the legality of the issue by the corporation of $15,000 in bonds; it decided merely that appellees were entitled to specific performance of their contract with an officer of the corporation in which he agreed to deliver the bonds to them. Appellant therefore may now question appellees' right to participate in the fund; that question was not adjudicated directly or as a necessary incident in any prior proceeding.

The controlling fact, in our opinion, is that at the time of the foreclosure sale on December 27, 1938 under the corporate mortgage, $60,000 in bonds, held by appellant and those whom he represented, were the only bonds which had been issued by the corporation. Paragraph 17 of the mortgage refers to the "$15,000 of the face value of the bonds [as] retained in the corporation treasury" and throughout the proceedings in this case appellees refer to them as *treasury bonds.* In fact they were not so. The issue of the bonds in question here, was not completed by delivery to appellees (19 C. J. S., Corporations, §1157) until after the foreclosure proceedings and the misnomer of them in the mortgage did not give them the status of treasury securities. The mortgage in reality did no more than earmark them for

the uses to which they were to be put when issued in the future. They remained unissued in the custody of the trustees and were not even certified by the bank until delivered to Haupt. Treasury securities are such as have been lawfully issued and thereafter have been bought by the corporation for a consideration out of corporate funds or otherwise acquired from the owners, and not retired but placed as an asset of the corporation in its treasury for future use as such. *Hammer v. Werner,* 265 N. Y. S. 172. But securities issued to an officer of the corporation and held by him pending delivery to those entitled to them are not treasury securities. Cf. *Rochelle Roofing Co. v. Burley & Stevens,* 226 Mass. 349, 115 N. E. 478.

Moreover we have searched the record in vain for evidence of notice to appellant prior to the foreclosure sale (appellees' bill in equity came seven months later) that appellees claimed title to the bonds in question. And there is no unequivocal testimony that any of the bondholders had such notice. The evidence is to the contrary. One of appellees in September 19, 1938 (one month after his agreement with Haupt under which appellees later obtained delivery of the bonds) then representing appellant and other bond holders, in his petition as their attorney to have them added as intervening parties plaintiff in the foreclosure proceeding, alleged: "That the total issue of said bonds at present outstanding is of the par value of Sixty Thousand ($60,000) Dollars" and on September 20, 1938 he wrote to present counsel for appellant, referring to his services in representing holders of the above bonds: "I will make no charge for my services, since I am being paid from another source". The other source—the expected receipt of $15,000 in bonds—was not disclosed. Prior to foreclosure a majority of the holders of $60,000 in bonds authorized Cyril C. Kilker, one of appellees, to bid $50,000 and costs for them at the foreclosure sale.

This bid was made and the property was sold on the next and higher bid, to the Borough.

A sale by a trustee under a power contained in the mortgage is not a judicial sale. *Com. v. Keystone G. Co.,* 248 Pa. 344, 93 A. 1071; *Bruckman L. Co. v. Pbg. Ins. Co.,* 307 Pa. 561, 162 A. 204. But when a trustee proceeds in equity to foreclose a mortgage (as he may, *Girard Tr. Co. v. Avonmore Land & Imp. Co.,* 221 Pa. 52, 70 A. 266) and sells the property pursuant to an order of court, subject to confirmation by the court, such sale is a judicial sale. *New Castle v. Whaley's Heirs,* 102 Pa. Superior Ct. 492, 157 A. 503. The sale in this instance was such sale and in general the rights of claimants to a fund realized by a judicial sale are determined as of the date of the sale of the property. *Douglass's Appeal,* 48 Pa. 223; *Indiana County Bank's Appeal,* 95 Pa. 500. There is good reason for the rule. If secret equities may be asserted after a judicial sale, lien creditors are without the means of protecting their interests. Under the law they have the right to base their bids, with confidence, on the record of participating claims as they appear at the time of the sale. *Budd v. Oliver,* 148 Pa. 194, 23 A. 1105; *C. T. Co., Tr. v. L. D. A. Corp., K. W. Moore,* 299 Pa. 117, 149 A. 165. These principles have application here. When all of the property of a corporation is sold on foreclosure of a mortgage the purpose of the mortgage has been satisfied and its power has been exhausted. The lien of the mortgage ceases to exist; the fund raised by the sale takes its place and only those bondholders who had a lien on the property by virtue of the mortgage may share in the fund. Bonds unissued at the time of the foreclosure of a corporate mortgage may not participate in the proceeds of sale. 7 Fletcher Cyc. Corporations, §3360; 19 C. J. S., Corporations, §1211.

We are of the opinion that the bonds held by appellees, regardless of the legality of their issue, cannot

participate in the fund for they were not issued and outstanding on the date of the sale.

Decree reversed at the costs of the fund; distribution is ordered in accordance with this opinion.