THE FIRST NATIONAL BANK AND TRUST COMPANY OF NEW CANAAN *v.* RAY L. GRIEBEL ET AL.

SUPERIOR COURT    FAIRFIELD COUNTY    FILE No. 96056

Memorandum filed June 6, 1957.

*Morse, Marvin & Walker,* of New Canaan, for the plaintiff.

*Robert B. Seidman* and *Harry M. Lessin,* both of Norwalk, for the defendant Bertha Roka Griebel.

*Louis L. Bucciarelli,* of New Canaan, for the defendant James V. Russo.

*Macrides, Zezima & Schwartz,* of Stamford, for the defendant Elsa Griebel.

THIM, J. A foreclosure action on a mortgage on premises owned by the defendant Ray L. Griebel was brought to this court, and James V. Russo was made a party defendant because he held a mechanic's lien on the property and it was alleged in the complaint that the lien was recorded August 1, 1953. The claimed lien was for services which Russo claimed he began to furnish on February 9, 1953, and ceased furnishing on June 13, 1953. During the pendency of this case, Russo filed in this court a statement of his claim.

On June 11, 1955, the property was sold by a committee pursuant to an order of this court. After the sale of the property, there remained in court funds for distribution. A referee was appointed for the purpose of determining priorities. In his report, as corrected, the referee found that Russo made the following claims before him: "That since the real estate in question was sold by the Committee, pursuant to order of this Court, on June 12, 1955, well within the two-year limitation, the lienor, James V. Russo, could not have foreclosed on the real estate, since it no longer existed in the name of the defendant, Griebel; that since the defendant, James V. Russo, was made a party defendant to this action; that

he has filed a statement of his claim in said action; that his lien attaches to the money realized from the sale of the real estate in this action, as of the date of the sale." The referee also found: "Next in priority, the defendant James V. Russo, is to receive $1,000.00 with interest from June 13, 1953, on his mechanic's lien, recorded on August 1, 1953, in the Town Clerk's Office of New Canaan."

By the corrected report, the referee recognized the lien of Russo as being valid, and this finding entitled Russo to priority. Defendant Griebel in her exceptions challenges the referee's finding which gave Russo priority on the ground that Russo did not "within two years from August 1, 1953 [date of recordation of lien] commence an action of foreclosure of said mechanic's lien or take affirmative action therein for the foreclosure thereof." Russo filed a demurrer to Griebel's exceptions but in the argument of the motion the demurrer was withdrawn after the parties entered into a stipulation concerning the corrected report of the referee. At this stage of the voluminous pleadings, the issue to be resolved is whether Russo, as a mechanic's lienor, should have instituted an action to foreclose his lien within two years of the date of recordation of the lien even though he was made a party defendant in the action to foreclose a mortgage on said liened premises and the property was sold pursuant to an order of the court within said two-year period.

The right to obtain a mechanic's lien is granted under § 7217 of the General Statutes, and if the person furnishing the materials and labor complies with the provisions of this section and the lien is properly recorded as provided by § 7218, he may become entitled to a preference over other incumbrances on the property. Section 7223 discharges a mechanic's lien after the expiration of two years from the date the lien has been perfected unless the person claiming the lien

shall within said period commence an action to fore-close the same and proceed therewith to final judgment.

In the instant case the judicial sale of the property took place during the time within which Russo had a right to foreclose his lien. The lien on the property was not discharged by the statute but was discharged by the judicial sale. After the sale the property could not be subjected to a foreclosure action by Russo as a lienor. Through the judicial sale Russo was deprived of a part of his two-year period within which he had to foreclose his lien. However, the fact that he did not institute foreclosure proceedings before the judicial sale took place does not deprive him of a preference as a lienor.

Although Russo could not assert any claim to his lien against the property after the sale, he may assert his right in funds received from the sale. The judicial sale transferred Russo's claim to the proceeds and as he had a valid lien before the sale, he can assert the same right against the proceeds. He has already filed his claim in court and after the sale, there was nothing further for him to do. The purpose of a judicial sale in this kind of an action is to convert the property into money and after the sale, a determination of the rights of the parties in the funds is made. The money received from the sale simply takes the place of the property. *Miners National Bank* v. *Fracksville Sewerage Co.,* 157 Pa. Super. 167, 173.

The factual situation in *Persky* v. *Puglisi,* 101 Conn. 658, differs from the facts in the pending matter. In that case a strict foreclosure was involved and the property was not ordered sold. The lien remained on the property for over two years and the court, in applying the statute, held that the lien was discharged if the lienor did not proceed in accord-

ance with the statutes. In the present case the judicial sale discharged the lien within the period of two years but this sale cannot destroy a statutory preference. The reasonable and common sense construction of § 7223 leads to the conclusion that the sale did not terminate Russo's claim to the priority awarded him. After the sale, he was excused from performing an impossible act, namely, the foreclosure of his mechanic's lien.

An order may enter overruling the exceptions of this defendant, and the referee's report and corrected report are ordered accepted.