# Finney's Appeal.

*What will be inquired into on Appeal from Orphans' Court.—Liability of Executors.*

1. On an appeal from a final decree of the Orphans' Court to the Supreme Court the whole proceeding in the case may be examined, including the trial of a feigned issue to which no writ of error was taken.

2. When the devisees in a will have sustained any loss through the neglect or default of an executor, and the facts are sufficiently established, the amount so lost is a proper item for the debit side of the accountant's account.

APPEAL from the Orphans' Court of *Crawford county*.

This was an appeal from the decree of the Orphans' Court, confirming the auditor's report on the account of J. S. Riddle, deceased, surviving executor of Henry Shippen, deceased, as settled by D. A. Finney, administrator of said Riddle.

The account in controversy was filed January 13th 1852. On the 20th of February 1852, exceptions were filed by the administrator of H. Shippen, and an auditor appointed.

On the 18th of April following an additional exception was filed, claiming that the estate of the deceased executor should be charged with the amount of a judgment of R. Clapp *v.* David Phipps, which the executor had taken as part of the purchase-money of land belonging to Henry Shippen's estate, which he had sold, and which was lost by the insolvency of Phipps; and also with a sum of money which Edward Shippen, one of the heirs, had been allowed to collect and retain out of the purchase-money of certain lands in Jefferson county.

The report of the auditor (in which the estate of the deceased executor was charged with both these items), was filed January 3d 1857, to which exceptions were filed by Finney, the administrator of Riddle, and on the same day an issue was directed to determine the liability of Riddle's estate for these sums, as charged by the auditor.

The issue was in the name of Arthur Cullom, administrator, *de bonis non cum test. annexo* of Henry Shippen, deceased, *v.* D. A. Finney, administrator of J. S. Riddle, deceased.

The declaration was in *assumpsit*, on a wager on the affirmation of the defendant that his exception was true, to which were added the proper plea and replication.

On the trial, as also by the report of the auditor, it appeared that the executor of Shippen had sold to one Clapp four thousand and five hundred acres of land in Venango county for $1 per acre, and had bound themselves in the contract of sale to take in part payment a transfer of a balance of $1754.88, due

to Clapp, on a judgment which he held against one David Phipps, in Venango county, guarantied by Clapp. It appeared further, that the property of Phipps had been sold by the sheriff without producing money enough to reach Clapp's judgment, and that he was insolvent—that the heirs of Henry Shippen had brought ejectment against Clapp for the purchase-money, and failed to recover (see the case reported in 8 Casey 265), and that an issue was tried in Crawford county between the heirs of Shippen *v.* Clapp for this $1754.88, which was decided in favour of the defendant, and the allegation was, that this money was lost to the estate of Henry Shippen by the neglect or misconduct of Riddle, the acting executor. It was conceded that no part of the money due under this contract with Clapp had ever come into his hands.

On the first point, the court (GALBRAITH, P. J.) charged the jury, in substance, that the estate of Riddle was answerable in the Orphans' Court, although the matters alleged were somewhat in the nature of a *devastavit;* that the estate of Riddle was liable to that of Shippen for the amount of the judgment, if the acts of Riddle were such as to release Clapp from his legal obligation to pay that part of the price of the land sold to him that was included in the Phipps judgment, and it was thereby lost; that the question of negligence in this case was partly a matter of law and partly of fact; that the jury should take the whole evidence on this point into consideration, and if they found that the conduct of Riddle was such as to release Clapp from his guarantee, and the debt was lost by reason of his neglect to exercise due diligence in the collection of the claim, his estate would be liable. If they were of the opinion that due diligence was exercised, their finding on this exception should be for the defendant in the issue.

On the second point, the court charged that as Edward Shippen was a legatee, and would receive more than the sum in his hands, that might be adjusted in settling with him on the final distribution; that although Mr. Riddle had never received the money, still, as it was a proper item in the administration account, the plaintiff was entitled to a verdict on this point, and that their verdict should be found for plaintiff or for defendant without any sum.

The points (nineteen in number) were all answered by the court below, the substance of which is given above.

Under this charge, the jury found in favour of the plaintiff, whereupon the auditor's report was confirmed by the court, from which decree of confirmation the defendant in the issue appealed, but took no writ of error to the judgment on the feigned issue.

*J. W. Farrelly* and *D. A. Finney*, for the appellant, argued

[Finney's Appeal.]

that there had been no negligence on the part of Riddle; but if that were admitted, it was a technical *devastavit*, a tort over which the Orphans' Court had no jurisdiction: Torr's Estate, 2 Rawle 256; Crowell's Appeal, 2 Watts 296; Weiting and Wife *v.* Neisley, 1 Harris 650. Executors, as accountants, are only answerable in the Orphans' Court for the legal assets of an estate; Riddle is, therefore, not answerable here for that which never was in the hands of Shippen, but which at most is only unliquidated damages as a punishment for fraud, negligence, or tort.

The great error of the court below was, in holding that Riddle's estate is answerable for his acts with regard to Clapp, irrespective of negligence. The responsibility of executors is well defined; they are not so rigidly held: Montgomery *v.* Warchop, 4 Dow. P. C. 109; Thompson *v.* Brown, 4 Johns. Ch. Rep. 620; Johnston's Appeal, 12 S. & R. 324; Konigmacher *v.* Kimmel, 1 Pa. Rep. 257; Dillbaugh's Estate, 4 Watts 179; Twaddle's Appeal, 5 Barr 15; Eyster's Appeal, 4 Harris 376.

The presumption is that trustees do their duty until the contrary be shown, but the jury were allowed to presume negligence without any proof of it.

The administrator of Riddle was only bound to settle Shippen's estate as far as Riddle had done it, and then transfer the assets to Shippen's administrator, who alone has power to collect the money in the hands of Edward Shippen.

The verdict of the jury should have been framed so as to exclude the interest charged by the auditor. Interest is not allowable in contested claims sounding in damages: 1 Peters' C. C. 95; Eckert *v.* Wilson, 12 S. & R. 398; Kester *v.* Rockhill, 2 W. & S. 365; Fox *v.* Wilcox, 1 Binn. 194.

*G. Church,* for the appellee, argued that on this appeal the regularity of the issue cannot be examined; that can only be done on a writ of error. The facts established by the issue are final and conclusive: Wallace *v.* Elder, 5 S. & R. 146. The Act of 10th April 1848 has settled this point. Even on writ of error there° is nothing that requires correction. The whole question · has been passed on in Riddle *v.* Clapp, which establishes Riddle's liability. The record of that case was evidence: 7 Barr 24, 228. Nor was Clapp incompetent as a witness in the issue.

The case of the appellee does not rest solely on the negligence of Riddle, though he was guilty of legal negligence. But he was Shippen's executor, and had no right to make that estate an agent to collect Clapp's judgment. He had power to sell Shippen's land, but not to barter or exchange it: Miles *v.* Richwine, 2 Rawle 199; Waldron *v.* McCombs, 1 Hill 111; Bloomer *v.* Waldron, 3 Hill 361; State *v.* Bell, 7 Gill & Johns. 444; Billington's Appeal, 3 Rawle 54; 9 W. & S. 131; 2 Jones 162;

[Finney's Appeal.]

Bonsall's Appeal, 1 Rawle 383; Dillbaugh's Estate, 4 Watts 439.

When land is sold by an executor he is responsible for the price: 4 Barr 149; 2 Jones 67, 71; 10 P. L. Journ. 216.

Each executor is answerable for his own acts: Boyd v. Boyd, 1 Watts 368; McNair's Appeal, 4 Rawle 157; Stell's Appeal, 10 Barr 183; 5 Barr 508; Bulkley's Appeal, 3 Barr 425; Stewart's Appeal, 2 P. R. 422; 3 Pa. Rep. 204; Hall v. Boyd, 6 Barr 179, 267; 1 S. & R. 241; Huger's Estate, 18 S. & R. 68; Nye's Estate, 8 W. & S. 254; Konigmacher v. Kimmel, 1 P. R. 214; Long's Estate, 6 Watts 46; Johnston's Estate, 9 W. & S. 107.

An accountant cannot be allowed for payments made to distributees; that would be distribution and not administration: Thomas v. Reagh, 5 Rawle 266; 8 Watts 254; 5 Barr 97; 10 Barr 144; 6 W. & S. 190.

The question of interest was not involved in the issue. It was matter of law for the Orphans' Court, and not in the Common Pleas.

But if liable in the former for the principal, the interest follows as a matter of course: 1 Binn. 194; 10 Barr 408; 1 S. & R. 241; 7 S. & R. 268; 5 Barr 91; 2 Rawle 305.

The opinion of the court was delivered, November 1860, by

READ, J.—The case of Shippen's Heirs v. Clapp, 5 Casey 265, as we have said in Cullum v. Clapp, determined, that the sale made by the executors of Shippen (of whom I. Stuart Riddle was one) to Ralph Clapp was a valid one. The opinion in Cullum v. Clapp affirmed the decision of the court below, by which a credit of $1754.88 was allowed to Clapp, upon the judgment entered up against him, on his bond and warrant of attorney to the executors of Shippen. This credit was given, because the executors of Shippen took the control of the judgment against Phipps, as stated in the articles of agreement of the same date with the bond, and because when, in the hands of Mr. Riddle, it was collectable, and the money was lost through his neglect.

The present case is an appeal by D. A. Finney, Esquire, acting administrator of I. Stuart Riddle, from the decree of the Orphans' Court of Crawford county, upon the administration account of said Riddle as surviving executor of Judge Shippen, as settled by Mr. Finney as acting administrator as aforesaid. Two questions arose upon this account, and were the subject of exceptions to the report of the auditor, and also of a feigned issue directed to the Court of Common Pleas of Crawford county at the request of the accountant. The rulings of the court upon the trial of that issue, and the ultimate decision of the Orphans' Court, are assigned for error here. No writ of error has been taken to the judgment in the feigned issue, and therefore, in considering the

[Finney's Appeal.]

assigned errors, we are governed by the principles laid down in Hallowell's Appeal, 8 Harris 215.

The two questions submitted to the jury in the feigned issue were, whether: 1st. The accountant should be charged with the amount of the Clapp judgment and interest; 2d. Whether he should be charged with amount of money paid Edward Shippen.

The first and real question was substantially the same as that decided in Cullum v. Clapp, and we have examined with great care the different rulings of the learned judge, and cannot find that any injury has been sustained by the accountant by any of them. Two juries, supported by the approval of two courts, have found exactly in the same way, and it is not our business or province to say their findings are erroneous. Both establish the fact: 1st. That the heirs or devisees of Judge Shippen have lost the sum of $1754.88, with interest; 2d. That this amount was lost through the neglect or default of I. Stuart Riddle, one of the executors, and whose account is now before us. Taking this for granted, this sum of money so lost to his *cestui que trusts* is a proper charge against him, and we see no error in the final decision of the court below upon this point.

Upon the second question—there appears to have been no particular stress laid upon it, as Mr. Riddle's estate can eventually lose nothing by it. The paper-books give no clear account of it; but, looking at the plaintiff's 5th point, and the defendant's 13th point, we think the court were right in their answers, and the verdict finds the facts as stated by the plaintiff. It was, therefore, a proper charge against the accountant, and will be allowed on the settlement of a distribution account, as a part payment to Edward Shippen of his share of his father's estate.

Decree affirmed and appeal dismissed, at the costs of the appellant.