# T. J. Reynolds *v.* Reynolds Lumber Company. Appeal of Leon G. Ball, Receiver, and J. B. Offerle et al.

*Appeals—Practice, S. C.—Joint appeals.*

It is irregular for the receiver of a corporation and several of its general creditors to join in a single appeal from the decree disposing of the fund raised by a sheriff's sale of the corporate property. Separate and independent claimants upon a fund cannot prosecute a joint appeal from a decree distributing the same.

*Supreme Court—Jurisdiction—Amount in controversy.*

The Supreme Court has jurisdiction over an appeal from a decree distributing a fund raised by a sheriff's sale where the entire fund for distribution amounted to $1,123.74 without any deduction for costs or expenses, and the whole of the fund is claimed by a receiver.

*Corporation—Insolvency—Distribution of proceeds of sheriff's sale of corporate property.*

The proceeds of the judicial sale of the property of a private corporation is governed by the same rules of distribution that apply to such a sale of the property of an individual.

*Assignor and assignee of proceeds of judgment—Nonsuit by assignor.*

Plaintiff assigned the proceeds of his judgment against an insolvent corporation to a bank, and the judgment was subsequently opened on petition of creditors to determine whether it was fraudulent as to them, when plaintiff took a nonsuit. It was held that the bank, not being a party to the issue, could not be prejudiced in its rights by the acts of the plaintiff, but is entitled to the proceeds of the judgment.

Argued May 5, 1896. Appeal, No. 297, Jan. T., 1896, by Leon G. Ball et al., from order of C. P. Warren Co., June T., 1893, No. 307, distributing proceeds raised by sheriff's sale. Before STERRETT, C. J., GREEN, WILLIAMS, MITCHELL and DEAN, JJ. Affirmed.

Exceptions to report of auditor distributing fund raised by a sheriff's sale of the property of the Reynolds Lumber Company.

From the record it appeared that the case was referred to J. W. Wiggins, Esq., as auditor. Upon exceptions to the auditor's first report MORRISON, J., of the 48th judicial district specially presiding, decided that the fund should be distributed pro rata among the creditors without any preference being given to judgment creditors. Upon appeal to the Supreme Court, the case was referred back to the auditor. All the material facts will be found in Reynolds v. Reynolds Lumber Co., 169 Pa. 626.

Upon exceptions to the auditor's second report, GUNNISON, P. J., of the 6th judicial district, specially presiding, filed the following opinion:

This is the second report of the auditor, distributing the same fund.

Upon exception to the first report, Judge MORRISON, of the 48th district, specially presiding, in an exceedingly able and exhaustive opinion, set aside the distribution made by the auditor, who had awarded the money, after paying certain preferred claims not disputed, to the Warren Savings Bank, as assignee of the plaintiff in this writ, and directed that a decree

be drawn "making distribution to all the creditors, pro rata," to be submitted to him for consideration and signature upon notice to the counsel of creditors. The learned judge directed this decree upon the ground that no priority was acquired by the levy upon the execution of the plaintiff, or by the foreign attachment issued by the Warren Savings Bank on another claim held by it, upon the property of the defendant, which was an insolvent corporation.

Other matters were discussed and decided by him, not necessary to refer to in this proceeding, except that the sheriff having paid a portion of the fund to the bank, upon its assignment, he was ordered to pay that amount into court, to be distributed with the balance in accordance with the principles expressed in the opinion.

The sheriff appealed from this order, and the Supreme Court reversed the order made upon him: Roy's App., 169 Pa. 626.

No order was made by the Supreme Court as to the direction of the learned judge below that a decree be drawn "making distribution to all the creditors, pro rata," the decree never having been in fact drawn. Until it had been drawn and signed, there was nothing in that respect to appeal from. But the opinion of the Supreme Court is equally applicable to the distribution of the fund so directed to be distributed, and indicates with no uncertainty the rule to be observed in its distribution.

The learned auditor deeming it beyond his power to make distribution contrary to the opinion of Judge Morrison until it had been reversed or the interlocutory order had been revoked, reported a distribution in accordance with it, accompanying his report with an alternative schedule of distribution in accordance with the opinion of the Supreme Court, and with that of the learned president judge of this district in another case, which was adopted by the Supreme Court in East Side Bank v. Columbus Tanning Co., 170 Pa. 1, thus avoiding the necessity of recommitting the matter to him, if this court approved a distribution upon that plan.

Both the Warren Savings Bank and the general creditors filed exceptions to this report, and it is upon these exceptions that the case is now before us.

No final decree having been made, it is clearly within the power of this court to correct the distribution made by the

auditor in accordance with the opinion filed by Judge MORRI-SON. To hold otherwise would render it necessary to now confirm a distribution which is clearly at variance with the principles laid down by the Supreme Court in Roy's App., and East Side Bank v. Columbus Tanning Company, supra, and would result in another appeal, the decision in which would, without doubt, be a reaffirmance of the doctrine so clearly announced in the cases above cited. No authority has been produced which requires so unnecessary a course, with the delay and expense incident thereto, and I know of none.

Since the payment by the sheriff of a portion of the money to the Warren Savings Bank, the original judgment upon which this execution was issued has been opened, and upon the trial of the issue granted to determine whether it was fraudulent as to the creditors of the defendant corporation, T. J. Reynolds, the plaintiff took, voluntarily, a nonsuit. That, unquestionably avoided the judgment so far as it existed for the purpose of future collection. But the bank was not a party to that issue, and the act of the plaintiff, who had assigned the money already made to it, in abandoning his claim to recover the balance of his judgment, cannot prejudice the bank, his assignee of this fund, it not having in any manner, either expressly or by implication surrendered its claim, and there having been no proceeding instituted to invalidate it.

In view of the conclusions at which we have arrived, it would not affect the result if the matter was referred back to the auditor to take proof that the bank has received payment of its claim in the foreign attachment. It is entitled to the money now in court for distribution, after payment of costs, upon its assignment from T. J. Reynolds, whether it has received satisfaction of its claim in the foreign attachment or not, and the motion of the counsel for creditors to refer it back to allow proof of the fact alleged is therefore refused.

The motion to allow exceptions to be filed nunc pro tunc is also refused. It is accompanied by no allegation of fact justifying its allowance, does not state the nature of the exceptions desired to be filed, and is contrary to the rule of court and the established practice in such cases.

It was suggested upon the argument that, as a matter of etiquette, these exceptions should be heard by Judge MORRI-

son, he having heard and passed upon the exceptions to the first report. I can discover no breach of etiquette in my hearing and disposing of them. The learned judge of this district has certified them to me. Perhaps he was prompted by a feeling of delicacy in not calling upon the learned judge, who had so ably and exhaustively given his reasons for a pro rata distribution, to now make a distribution at variance with his opinion, which would have been inevitably necessary if he had been now called upon again. In any event, he will be assured that in performing the duty enjoined upon me by statute, I do it in no spirit of discourtesy or want of respect towards him. I recognize his eminent worth and ability too much to be guilty of any such feeling for him.

The exceptions on the part of the bank to the payment of the entire costs of the audit from the fund cannot be sustained excepting as to one item. In Larimer's App., 22 Pa. 41, where the costs of the audit were imposed upon the contesting creditors, the court says : "We put the decision upon the general rule that in a contest the losing party ought to pay the costs unless he can show clearly that there were special circumstances to create probable cause for disputing his adversary's claim."

In Sansenbacher v. Schickendantz, 141 Pa. 418, where the court held that there was probable cause, the costs were paid from the fund.

Here the fact that the learned judge, who heard the exceptions to the first report, sustained the contention of the contesting creditors, and that other able judges have expressed the same opinion upon similar facts, shows probable cause, which justifies the payment of the costs of the first audit. The costs of this, in part at least, were necessarily incurred irrespective of any contest. The entire costs of the second audit are not large, and the amount that would in any event be imposed upon the contesting creditors would be so small as not to justify recommitting the report to the auditor to ascertain it.

The one item of $7.75, awarded to Leon Ball on depositions, is, however, so apparent, it can be disallowed without a recommitment, and the exception to its allowance is sustained.

And now February 12, 1896, the 1st exception in behalf of "Portland Lumber Co., and other creditors" is sustained, and the 2d and 3d exceptions are dismissed.

The 1st, 2d, 3d and 4th exceptions filed by the Warren Sav·
ings Bank are sustained, and the 5th and 6th exceptions are
dismissed.

And it is ordered that the distribution reported in the alter-
native schedule filed by the auditor excepting the item of $7.75
awarded therein to Leon Ball on depositions, which amount is
added to the amount therein awarded to the Warren Savings
Bank, making the amount distributed to it $816.94, is con-
firmed, and distribution is directed to be made in accordance
herewith.

Leon G. Ball, receiver of the Reynolds Lumber Company, and
J. B. Offerle and other general creditors of the corporation, took
a joint appeal. Upon motion of the appellee the appellants
were ruled to elect which of them should prosecute the appeal.
Their counsel thereupon elected to stand upon the appeal of
the receiver and to suffer a non pros as to all the other joint
appellants ; and this was accordingly done.

*Error assigned* among others was in decreeing that the War-
ren Savings Bank was entitled to any part of the fund.

*Samuel T. Neill, Leon G. Ball* with him, for appellants.—
Neither Reynolds, the plaintiff in the judgment and execution,
nor the Warren Savings Bank as assignee, had a right to par-
ticipate in the distribution of the fund: Marsh v. Pier, 4 Rawle,
273 ; Peterson v. Lothrop, 34 Pa. 223 ; Giltinan v. Strong, 64
Pa. 242 ; Follansbee v. Walker, 74 Pa. 306 ; Greenleaf on Ev.
sec. 524 ; Mott v. Clark, 9 Pa. 404 ; Twitchell v. McMurtrie,
77 Pa. 383 ; Black· on Judgments, sec. 956 ; Griffiths v. Sears,
112 Pa. 523 ; Earnest v. Hoskins, 100 Pa. 551 ; Duquesne
Bank's App., 74 Pa. 426 ; Black on Judgments, sec. 953–955.

The receiver of the Reynolds Lumber Company, as the repre-
sentative of the creditors, had the right to the fund in court:
High on Receivers, secs. 1 and 2 ; Bispham, Eq. sec. 579 ;
Rohrer's App., 62 Pa. 498.

*D. I. Ball,* for appellee, cited, Constine's App., 1 Grant, 242 ;
McLellan's App., 26 Pa. 463.

The judgment of the Warren Savings Bank in the attach-
ment proceedings was and is superior to any other claim, after
the execution of T. J. Reynolds. Since it was large enough to
take all the fund in court, it was immaterial to other creditors

to which proceedings the fund in court was applied: Wilcocks v. Waln, 10 S. &. R. 380; Manufacturers' etc. v. Bank, 7 W. & S. 335; Tomb's App., 9 Pa. 61; Loucheim Bros. App., 67 Pa. 49; Thomas's App., 69 Pa. 120; Modes's Est., 76 Pa. 502; Smith v. Reiff, 20 Pa. 364; Artman v. Giles, 155 Pa. 410; Kelly v. Herb, 157 Pa. 41; Greene v. Tyler, 39 Pa. 364; Rudy's App., 94 Pa. 338; Roy's App., 169 Pa. 626; East Side Bank v. Columbus Tanning Co., 170 Pa. 1.

PER CURIAM, May 11, 1896:

It was clearly irregular for the receiver of defendant company and several of its general creditors to join in a single appeal from the decree disposing of the fund raised by the sheriff's sale. Separate and independent claimants upon a fund cannot prosecute a joint appeal from the decree distributing the same: Adamson's Appeal, 110 Pa. 459; White's Appeal, 15 W. N. C. 314. In view of that mistake, the joint appellants, at the instance of the appellee, were ruled to elect which of them should prosecute the appeal, etc.; and thereupon their counsel elected to stand upon the appeal of Leon G. Ball, receiver, etc., and suffer a non pros as to all the other joint appellants; and that was accordingly done.

The entire fund in court for distribution, $1,123.74, without any deduction for costs or expenses, is claimed by the receiver, as representative of the general creditors of the defendant company; and that is a sufficient answer to the appellee's suggestion of want of jurisdiction in this court.

It is also contended that the receiver has no standing as an appellant, because he is not, in the proper sense of the term, a party aggrieved—has no interest in the fund, etc., and because he neither appeared before the auditor not excepted to any of his rulings. If the entire record were before us, it is not clear that there would not be force in these positions; but, waiving any discussion of either, and assuming, for the purposes of this case, that in the circumstances he has a right to be heard on the questions involved, we are satisfied from an examination of the record that there is no merit in his appeal. There appears to be no substantial error in the conclusions reached by the learned judge of the 6th judicial district who presided at the final hearing. On his opinion, the decree is affirmed and appeal dismissed at appellants' costs.