## Shelley's Estate.

*Wills—Distribution—Appeal from award—Effect of successful appeal on parties not appellants.*

1. Where the claim against the estate of a testator is single and indivisible, and an award of such claim is reversed on an appeal by some but not all of the parties in interest, such action of the appellate court cannot thereafter be made the basis of an award as to part of the demand, against the interests of the parties who did not join in the appeal.

*Appeals—Decree according to justice and equity—Acts of April 14, 1835, P. L. 275; June 16, 1836, P. L. 683, and June 6, 1917, P. L. 363.*

2. Under the Acts of April 14, 1835, P. L. 275; June 16, 1836, P. L. 683, and June 7, 1917, P. L. 363, on an appeal from the orphans' court, it is the duty of the appellate court not merely to affirm, reverse or modify, as in common law actions, but, after examination of the proceedings as a whole, to enter a decree according "to the justice and equity thereof."

Petition to modify decree.  See Shelley's Estate, 287 Pa. 105.

OPINION BY MR. JUSTICE SADLER, January 3, 1927:

William H. Shelley took out two policies of insurance on his life, and later assigned them to his daughter Annie.  On his death, in 1900, the proceeds were paid to the guardian of the latter, and, when she became of age, the money was turned over to her.  Notwithstanding the previous transfer, it was directed by the father's will that this insurance, amounting to $10,000, should be treated as a part of his estate and invested, and the interest paid to Annie N. Shelley for life.  If she had no surviving children, the principal was made payable to Goucher College.  The daughter died in 1922, and later an account was filed by her surviving executor.  The legatee in remainder under the will of William H. Shelley presented a claim before the auditor appointed to make distribution of her estate, for the amount of insurance received under the assigned policies, insisting this sum of $10,000 was either a debt due by the daughter, or a trust fund held for its benefit.  The court below directed payment of this amount, thus reducing the assets of the estate, and causing a diminution to the extent of $2,500 in the shares of the four residuary legatees.  Two of the four sued out writs of error, with the result that the decree entered was reversed, and the claim of the college disallowed: Shelley's Est., 287 Pa. 105.  The record was remitted so that a new distribution might be made.

Subsequently, a petition was presented asking that the order of this court be amended, so that the decree here entered should be limited to a readjustment and increase of the awards to the two appealing parties and that the original distribution stand undisturbed as to the two interested who failed to do so, since their right to an additional sum must be considered waived by not seeking individually a review.  The disposition re-

quested would permit the payment to the college of one-half of the claim, held to be without merit. The answer filed to the rule granted denied the appellee was entitled to any sum, its demand being single and indivisible. It was insisted its rejection here accrued to the benefit of the estate, and that the new division must be made as if no such debt or trust had been asserted. Under the circumstances appearing, it was urged the reversal was to the advantage of all the parties interested, whether they appealed or not.

The question now raised has not been expressly passed upon in this State. It has frequently been held that where a number of heirs or distributees are affected by the same legal ruling, subsequently reversed, only those appealing are benefited by the decision finally rendered. This is on the ground that the right to demand a share by each is a separate and distinct claim. Parties affected not suing out writs of error in such case, waive the right to further complain, and the decree setting aside the particular award reviewed cannot be taken advantage of by others. The authorities so declaring will usually be found to deal with the right to maintain joint appeals, it being held that a separate writ must be taken out by each individual claimant: McGlinn's Est., 270 Pa. 373; Samson's Est., 22 Pa. Superior Ct. 93; May's Est., 22 Pa. Superior Ct. 77; Adamson's App., 110 Pa. 459; Reynolds v. Reynolds Lumber Co., 175 Pa. 437. Or, they are decisions where separate judgments were entered below, as in actions by husband and wife, or parent and child, for damages, and but one appeals. A reversal under such circumstances does not accrue to the benefit of the other: Saunders v. Pittsburgh Rys. Co., 255 Pa. 348; Rinker v. Colonial Iron Co., 68 Pa. Superior Ct. 258.

In the present case we have a different situation. Here, one claim for $10,000 was set up by the legatee of the father against the estate of the daughter. It is a single demand for a part of the assets of Miss Shelley's

estate, to be deducted before any distribution is made to the residuary legatees, and not four claims against each one of those, who would be ultimately affected by its allowance. Two have appealed, and their standing to ask a review is not questioned. Though the two, who failed to appeal, would have lost their right to complain if these others, in control of their own writs, had later settled and discontinued, yet the case was here proceeded with to a judgment denying any liability on the part of the daughter's estate for the sum asked and allowed below. If this demand had been severable, the appellee might still recover the one-half because of the waiver asserted, but the award of the $10,000 was based on a single claim against the estate, and not against the residuary legatees individually, though, of course, any reduction of the estate would proportionately affect their shares. The demand was enforceable in its entirety or not at all.

The rule generally recognized in like cases has been thus declared: "A reversal is binding on the parties to the suit, but does not inure to the benefit of parties against whom judgment was rendered in the lower court and who did not join in the appeal, unless their rights and liabilities and those of the parties appealing are so interwoven and dependent as to be inseparable, in which case a reversal as to one operates as a reversal as to all": 4 C. J. 1206; 2 R. C. L., section 220; 2 Freeman on Judgments 481. This has been held where the suit was based on a joint contract when one party alone appealed (Boas v. Heister, 6 S. & R. 17; Swanzey v. Parker, 50 Pa. 441), and the same conclusion has been reached where there was a reversal at the behest of one partner, the order entered accruing to the benefit of the other who did not ask for a review: Hooper v. Beecher, 15 N. Y. Supp. 115; Bauer v. Parker, 101 N. Y. Supp. 455. Similarly, it has been decided a like result follows where the order of the court below, refusing to sustain a demurrer because no cause of action was shown, was set aside.

Though the appeal was taken by one of several defendants, all were granted relief: Walker's Exr. v. Page, 21 Gratt. 636, 652; Saunders v. Griggs, 81 Va. 506; Harrison v. Walton, 95 Va. 721; Tate v. Goode, 135 Ga. 738; Tod v. Stambaugh, 37 Ohio 469; Griffiths v. Griffiths, 198 Ill. 632, 637; Byington v. Stone, 51 Iowa 317, 320.

We see no reason why the present case does not come within the principles suggested in the foregoing cases. The demand of Goucher College under the will of Shelley, whether it be treated as creditor or cestui que trust, was one inseparable claim against the estate of Annie N. Shelley, and not four distinct demands against as many of her legatees. It was not legally enforceable, as held at the suit of two, and we cannot say that one-half of the amount asked shall now be collected.

It must be remembered that this proceeding comes to us from the orphans' court, and our duty is not merely to affirm, reverse or modify, as in common law actions, but, after examination of the proceedings as a whole, to enter a decree according "to the justice and equity thereof," a distinction which has heretofore been held to have weight under the Acts of 1835 and 1836 (April 14, 1835, P. L. 275; and June 16, 1836, P. L. 683), the provisions of both being carried in terms into the Orphans' Court Act of 1917: June 7, 1917, P. L. 363, section 22, paragraph (b); Drennan's App., 118 Pa. 176; Finney's App., 37 Pa. 323. In any event, if a claim be single and indivisible, and its validity be denied on appeal, it cannot be made thereafter the basis of an award as to a part of the demand.

It follows from what has been said that the requested modification of the decree should be refused, and a new distribution be made as before ordered, without allowance of any portion of petitioner's claim heretofore held to be uncollectible.

Rule discharged at cost of petitioner.