## Crawford's Estate.

Argued September 27, 1933. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Robert M. Dale,* with him *G. G. Martin,* for appellants.

*George A. Baldwin* and *Forest G. Moorhead,* with them *M. P. Breene,* for appellee.

OPINION BY MR. JUSTICE KEPHART, November 27, 1933:
The facts connected with this appeal appear in the opinion of this court, announced when the case was here before; they are reported in 307 Pa. 102. We there made

an order fixing the counsel fee of the present appellee. When the case was returned to the court below, a petition was presented asking for interest on the amount awarded by that order. The court below allowed interest. It was from that order an appeal was taken to the Superior Court and by it certified to this court for decision. When an order of this court is misunderstood or is not sufficiently clear for action in the court below, the proper practice is to petition this court to clarify the order.

We find no difficulty with the order that was made in the prior appeal. In that appeal an assignment of error specifically raised the question of interest. It shows that the present appellee claimed interest on a counsel fee of $10,000 and the court below then fixed a sum as counsel fee without interest. It is a well known fact that in appeals to this court each assignment of error must be considered as passed on when they may be embraced logically within the questions involved. They were so considered in the former appeal. In an opinion or order disposing of a case that is here on appeal, specific reference need not be made to each assignment and the order definitely deciding the issues involved though mentioning no particular assignment will have the effect of deciding the questions raised by the assignments of error. There are appeals which may be decided on single assignments or a number of them, leaving other questions unanswered—usually the opinion so states. This case is not in this class. In this appeal, when we decreed that appellee was entitled to his full compensation and awarded counsel fees of $10,000, we intended that finding to answer the specific assignment in relation to counsel fee and interest. We do not understand how counsel could have deemed it otherwise. If he did not so understand it, he should have asked this court directly for a broader order which would have included interest. He would then have been told, as he is now, that the original order included interest. Generally speaking, in

practice when counsel fees are fixed there is no question of interest; but, the fees due an attorney for professional services stand precisely the same, as to interest, as those of a mechanic, tradesman or physician: Gray v. Van Amringe, 2 W. & S. 128. Interest ordinarily runs, however, only from the time a debt is due and it becomes the duty of the debtor to pay it: Mining Co. v. Jones, 108 Pa. 55. Interest is not usually an incident of an unliquidated sum. In connection with unliquidated counsel fees it is not a matter of right; any allowance thereof is wholly within the discretion of the court: Gribble v. Ford (Tenn. Chanc. App.), 52 S. W. 1007. When this case was formerly before us, not until this court, by its order, allowed the specific amount of $10,000, was the fee determined. When a definite sum is fixed by the court as a counsel fee, it will be held to have included interest unless specific directions that interest should be allowed thereon are embodied in the order.

The decree of the court below is reversed.