Blue Ridge Metal Manufacturing Company *v.*
Proctor et al., Appellants.

Argued March 7, 1939.

Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, STADTFELD,
PARKER and RHODES, JJ.

*Howard V. Fisher,* with him *Harold J. Ryan* and *Sue M. Strous,* for appellants.

*Reese H. Harris,* of *O'Malley, Hill, Harris & Harris,* with him *Thomas A. Doherty,* for appellees.

PER CURIAM, March 16, 1939:

This appeal grows out of a judgment of the Supreme Court on a suit in equity between the parties, reversing the decree of the Court of Common Pleas of Susquehanna County, sitting in equity, as follows: "The assignments of error are sustained, the decree of the court below is reversed, and it is ordered that the bill be dismissed. Appellee [plaintiff] to pay the costs."

Thereafter the appellants, [defendants], filed a suggestion in the court below that First National Bank of Susquehanna, Scranton Lackawanna Trust Company, as Trustee of Frank Zeller, deceased, Sidney H. Hersch and William A. Skinner should be joined as equitable plaintiffs for whose use or benefit and at whose instance and request the said action had been brought and prosecuted, so that judgment for the taxed costs might be entered against them following the judgment of the Supreme Court [1]; on which a rule to show cause was

---

[1] See Act of April 23, 1829, P. L. 355, 10 Sm. L. 455, 12 PS secs. 143, 144, relating to equitable plaintiffs in actions at law— there were then no courts of equity; *Neal v. Buffalo, R. & P. Ry. Co.* 103 Pa. Superior Ct. 218, 158 A. 305.

granted, returnable February 24, 1938.

On the return day counsel for plaintiff moved to dismiss said suggestion and rule, for the reason, inter alia, that "Costs in this proceeding were imposed upon the Blue Ridge Metal Manufacturing Company by a decree and judgment of the Supreme Court and *that* judgment cannot be opened or amended by the court of common pleas or the court sitting as a chancellor for any purpose"; and on that ground the court below on March 29, 1938 ordered and decreed that the defendants' motion to suggest equitable plaintiffs be dismissed and the rule thereon discharged. The defendants appealed to this Court.

The original suit was one in equity. In such cases, differing from actions at law, the appellate court has the power and authority to direct who shall pay the costs. It ordered the appellee, Blue Ridge Metal Manufacturing Company, to pay them.

If defendants felt that there were special circumstances in the case which warranted a change, modification or enlargement of the judgment as to payment of costs, they should have applied to the Supreme Court, which having full knowledge of the facts on which its judgment was based and full power to dispose of the costs, could make such order or modification, if any, as it deemed equitable and just. But no other court should presume to act for it in the exercise of such discretion. See *Ladner v. Siegel*, 296 Pa. 579, 146 A. 710; *Crawford's Estate*, 108 Pa. Superior Ct. 475, 477, 165 A. 540; *Crawford's Estate*, 313 Pa. 127, 129, 169 A. 438.

Appellants adopted the wrong course in filing the suggestion in the lower court, but as the Supreme Court may be willing to consider it as such an application, if the appeal is certified to that court, we are of the opinion it should be so certified. The matter is one wholly for the consideration of and disposition by the Supreme Court.

Appeal certified to the Supreme Court.