## Neely's Appeal.

Argued May 21, 1940. Before Schaffer, C. J., Maxey, Drew, Linn, Stern, Barnes and Patterson, JJ.

*John Fox Weiss*, with him *Paul H. Rhoads*, of *Weiss & Rhoads*, for appellant.

*Mark T. Milnor*, for appellee.

Opinion by Mr. Justice Barnes, June 24, 1940:

This appeal grows out of our decision in the *Commonwealth Trust Company Case*, 331 Pa. 569. Briefly stated the question is whether the substituted trustee for the bondholders is entitled to additional interest on the mortgage obligation, and to further compensation for services.

The facts involved in the prior appeal are set forth at length in our opinion, and it is necessary to repeat them only in part so that the question now before us may be understood. The Commonwealth Trust Company was the trustee under an indenture of mortgage dated July 1, 1926, executed by the Union Real Estate Investment Company, to secure an issue of $100,000

mortgage bonds. The mortgage was a first lien upon a tract of land in the city of Harrisburg. The bonds were held by various individuals and estates.

On March 18, 1936, the trustee resigned and William H. Neely, the present appellant, was made substituted trustee. At this time the principal of the outstanding bonds had been reduced to $55,700 and interest paid thereon to January 1, 1933. The first and final account of the trustee under the mortgage was rendered in June, 1936, to which numerous exceptions were filed by the substituted trustee and a bondholder. The court below sustained the exceptions to the extent that a surcharge of approximately $87,000 was imposed upon the trustee. This Court upon appeal reduced the surcharge to $37,250.63, and the record was remitted to the court below to carry into effect the modifications made in our decree.

While the appeal was pending in this Court, the substituted trustee was granted leave to foreclose the mortgage, and the sum of $45,500 was realized at the sale which followed. The parties thereafter filed with this Court the following stipulation: "That counsel for both parties hereto agree that the difference between the total of the principal, interest, costs, and expenses to which the substituted trustee is entitled, and the proceeds of the foreclosure sale is *$35,444.54, and that this is the maximum amount which William H. Neely, Esq., substituted trustee, is entitled to receive in these appeals, should said appeals be resolved in favor of the appellees.*"

It was apparent from our revision of the accounts of the trustee that after it had made payment of the surcharge, the substituted trustee would then have on hand the sum of $37,250.63 available for the retirement of the bonds as against the stipulated balance due thereon of $35,444.54, so that a surplus would result which might be used for the payment of any proper claims of the trustee.

On October 18, 1938, shortly after the decision of this Court was announced, the trustee paid over to the substituted trustee the sum of $16,535.32, which was the full amount remaining in its possession as trustee. It was therefore necessary that the balance of the surcharge, amounting to $20,715.31, be paid out of the general assets of the Commonwealth Trust Company, which was then in process of liquidation. The substituted trustee filed a petition in the court below for an order awarding the surcharge a preferred status over other claims against the trust company. The facts were stipulated and thereafter the court, in an adjudication filed January 10, 1939, and its supplement dated January 24, 1939, decided that the funds of the trust had been traced, and ordered that payment be made to the substituted trustee as a preferred creditor. On January 28, 1939, the Commonwealth Trust Company paid in full the balance of the surcharge.

The final decree of the court below, carrying into effect the modifications made by our opinion, awarded the sum of $37,250.63 to the substituted trustee, of which $35,444.54 was allocated to the payment of the stipulated deficiency. The decree then provided that "the balance, to-wit, $1,806.09 [is] to be applied as per further orders and directions of this court."

When the account of the substituted trustee was filed on May 6, 1939, the surplus or balance of $1,806.09, after the payment of all the amounts due upon the mortgage, was claimed by the Commonwealth Trust Company. In a petition for a rule to show cause it alleged that during its administration of the trust it had advanced its own funds in the amount of $8,929.98 to meet expenses incurred by it as trustee, no part of which sum had been repaid.

The substituted trustee in his answer did not deny that there was an indebtedness due the trustee, but set forth that the bondholders had a prior claim of $1,218.98 for additional interest which had accrued from May 15,

1938 to October 18, 1938 and January 28, 1939, the dates when the two payments on account of the surcharge were made. He also requested further compensation of $300 for services rendered by him after May 15, 1938. There were no other claims upon the fund in question.

The court below held that the trustee was not guilty of undue delay in making the payments to the substituted trustee, and refused the claims for additional interest and extra compensation. The fund was awarded to the Commonwealth Trust Company, from which order the substituted trustee has taken this appeal.

We are all of opinion that the stipulation of the parties in the prior appeal fixed the maximum amount which the substituted trustee was entitled to receive upon this obligation. The sum of $35,444.54, in addition to the proceeds of the foreclosure sale, was sufficient to pay the principal of all outstanding bonds, interest thereon for more than five years amounting to $17,858, the expenses of foreclosure, and, in addition, substantial compensation for the substituted trustee and his attorneys, in the amounts of $1,000 and $5,000, respectively.* With

---

* The deficiency of $35,444.54 was computed by the parties in accordance with the following calculation:

| | |
|---|---|
| Principal of outstanding bonds | $55,700.00 |
| Interest on $55,700 from January 1, 1933, to April 25, 1938 (date of confirmation of sale) | 17,768.00 |
| Interest on $27,000 from April 25, 1938, to May 15, 1938 | 90.00 |
| Expenses and costs of foreclosure | 1,368.41 |
| Substituted trustee's compensation | 1,000.00 |
| Substituted trustee's attorneys' compensation | 5,000.00 |
| Total | $80,926.41 |
| Less sale price realized on foreclosure | 45,500.00 |
| Deficiency | $35,426.41 |

The discrepancy of $18.13 between this figure of $35,426.41 and the stipulated amount of $35,444.54 is attributed by the parties to an error in the calculation of interest.

this stipulation before us, we concluded (p. 583), that the surcharge "together with the amount realized by the foreclosure sale, *will be* sufficient to pay off the bondholders *in full* and *provide a surplus* which may be used for the payment of any proper claims of the *trustee* against the fund." And we expressly said that the word "trustee" was used throughout the opinion to refer exclusively to the Commonwealth Trust Company, rather than to the substituted trustee.

A reference to our decision in that case will show that while we denied to the trustee at the time of its accounting a priority in payment for the advances of $8,929.98 made during its trusteeship, we indicated that such claim could be asserted "after the bondholders have been paid in full" (p. 580). As the stipulated deficiency has now been paid, the trustee is entitled to the surplus remaining in the hands of the substituted trustee.

We find no merit in the contention that there was undue delay in making the payments to the substituted trustee. It is difficult to understand how the trustee could have done so more promptly. Fifteen days after the filing of our opinion, and before the court below had entered its final decree, it paid over all the funds remaining in its hands as trustee, and settlement in full was made within four days after the court below determined that the balance was entitled to a preferential status in the liquidation proceedings.

Our conclusion that the maximum amount to which the substituted trustee is entitled was fixed by the stipulation of the parties makes it unnecessary to discuss the further contentions urged by the substituted trustee.

The decree of the court below is affirmed. Costs to be paid by appellant.