## Koleff's Estate.

Argued April 16, 1942. 

 Before
KELLER, P. J., CUNNINGHAM, BALDRIGE, HIRT and KEN-
WORTHEY, JJ. 

*John C. Bane, Jr.*, with him *Elder W. Marshall* and
*Reed, Smith, Shaw & McClay*, for appellant.

*Donald C. Knapp*, with him *L. N. Dilley*, for ap-
pellees.

PER CURIAM, April 22, 1942:

This appeal is concerned only with the allowance of
interest on a prior decree of the Orphans' Court of
Mercer County, which, on appeal, was affirmed by the
Supreme Court on October 28, 1940,—*Koleff's Estate*,
340 Pa. 423, 16 A. 2d 384—reargument refused Decem-
ber 2, 1940, remittitur filed in the court below December
5, 1940.

The great bulk of the interest, awarded by the lower court, in the present proceeding, accrued while the appeal was pending in the Supreme Court, and that Court, in its decision, made no reference to interest.

Two main questions are involved: (1) Whether in the peculiar circumstances of the case,[1] the judgment of the Supreme Court affirming the decree of the lower court, awarding appellees $8000, without interest, carried interest pending its final determination; and (2) whether the administrator of the estate, who was not a party to that appeal, should be held liable for the payment of interest, if allowed, rather than the surety on the appeal bond, which effected a supersedeas, and held up payment of the award by the administrator.

The court below—on a citation obtained by the appellees—ordered the administrator to pay them interest on the award from July 11, 1940, until the dates of the respective payments. The administrator appealed.

Following the suggestion of the Supreme Court in

---

[1] In the prior proceeding, the court below, by decree filed July 11, 1940, held that the demand note for $8000, dated July 13, 1937, presented as a claim by the appellees, Pete and Mary Montson, was really a *gift inter vivos,* payable at decedent's death, *without interest,* and awarded them $8000, disallowing their claim for interest. The widow and children of the decedent, who were awarded the balance of the estate—some $3000—appealed within three weeks, and filed bond approved by the court, superseding distribution to the Montsons. The latter did not appeal from the disallowance of interest or from the awards to the next of kin, which were paid when they became final. After the remittitur from the Supreme Court, distribution was held up by a claim of the Commonwealth for transfer or inheritance taxes on the gift inter vivos, which had been made less than a year before decedent's death. $6000 was paid the Montsons on January 3, 1941, and the balance of the principal, $2000, was paid March 3, 1941, under an arrangement satisfactory to the Commonwealth.

*Crawford's Estate,* 313 Pa. 127, 129, 169 A. 438,[2] (see 108 Pa. Superior Ct. 475, 165 A. 540; *Ladner v. Siegel,* 296 Pa. 579, 587, 146 A. 710; and *Neely's Appeal,* 339 Pa. 265, 14 A. 2d 115, (see 139 Pa. Superior Ct. 412, 11 A. 2d 776), we feel that the above questions should be decided by the Supreme Court, in the light of its fuller knowledge of the issues involved in the original case.

Appeal certified to the Supreme Court.

---

[2] "When an order of this court is misunderstood or is not sufficiently clear for action in the court below, the proper practice is to petition this court to clarify the order." *Crawford's Est.* 313 Pa. 127, 129.