# Miners National Bank of Pottsville *v.* Frackville Sewerage Company.

*D. J. Boyle*, for appellant.

*Walter Sidoriak*, for appellee.

OPINION BY HIRT, J., April 9, 1946:

Following our opinion reversing the lower court in this case (157 Pa. Superior Ct. 167, 42 A. 2d 177) Miners National Bank, as trustee, restated its distribution account disallowing the claim of Kilker, Bechtel and Kilker in its entirety from participation in the fund and petitioned the court for confirmation of the account. The court refused to make the order on the ground that the question involved a construction of the general language of our opinion disposing of the above appeal and that it was for us to say whether our order inured to the benefit of bondholders who were not before us as appellants. Thereupon, the bank as trustee, petitioned us for a clarification of our order under the procedure indicated in *Crawford's Estate*, 313 Pa. 127, 169 A. 438 and *Lawler et al. v. Commonwealth*, 347 Pa. 568, 33 A. 2d 432.

All of the bondholders had intervened in the original foreclosure proceeding in the lower court and Richard Krapf took an appeal from the final order, distributing the proceeds of sale, to the Supreme Court for himself and on behalf of all other bondholders. The Supreme

Court amended the record before certifying it to us, restricting the appeal to Krapf alone as the sole appellant. That however, does not necessarily mean that our order in Krapf's favor may not inure to the benefit of all other bondholders though they failed to perfect their separate appeals. The order of the Supreme Court refusing to permit a joint appeal was procedural merely and did not decide the question.

In our former opinion we said: "We are of the opinion that the bonds held by appellees, [Kilker, Bechtel and Kilker] regardless of the legality of their issue, cannot participate in the fund for they were not issued and outstanding on the date of the sale", of the corporate property by the trustee, regardless of the valuable services upon which their claim was based. And we meant just that. These attorneys were either entitled to participation in the fund as holders of bonds in the sum of $15,000, or their claim as a preference was without legal support in its entirety. And it would be an anomaly of law to say that they are barred as to one bondholder-appellant but may enforce their claim against all other bondholders merely because they did not have the status of appellants in the proceeding in which the illegality of the claim of these attorneys was adjudicated.

These claimants are barred from participation in the fund for distribution by the holding in *Shelley's Estate*, 288 Pa. 11, 135 A. 740. The principles there discussed are not novel. Cf. 5 C.J.S. Appeal and Error, §1920; 3 Am. Jur., ibid, §1185. Their claim was a single demand on the fund for distribution and was not severable into claims against the individual bondholders or their separate interests as such. The demand, therefore, as in *Shelley's Estate*, was enforceable in its entirety or not at all. Our conclusion in *Krapf's Appeal* that the claim was invalid, wholly excluded claimants from participation in the fund and distribution must be made in accordance with the trustee's account now before the lower court.

The law of *Shelley's Estate* that a reversal refusing a single claim, may inure to the benefit of others than parties appellant, is not affected in its application here by *Schuetz's Estate*, 315 Pa. 105, 172 A. 865. The two cases did not involve the same question and the controlling principle of *Shelley's Estate* was neither overruled or modified. *Schuetz's Estate* merely decided that separate distributees, though having the same status as to the source of their claims, cannot unite in a single appeal. The question decided was one of procedure and the principle was applied by the Supreme Court in amending the record in the present case and remitting the appeal to us.

We base our conclusion as to the scope of our order on the authority of *Shelley's Estate,* although we are of the opinion that without it, we would be obliged to reach the same conclusion, in the interest of justice, by invoking the broad statutory powers of this court.