## Ritter Estate

*Don L. Larrabee*, for accountants.

*Candor, Youngman & Gibson*, for Susquehanna University, exceptant.

*Furst, McCormick, Muir & Lynn*, for Woman's Medical College of Pennsylvania.

WILLIAMS, J., April 11, 1951.—The auditor appointed to distribute the funds remaining in the hands of the executrices of the last will of Ella N. Ritter, deceased, filed his report and exceptions were filed to it by the Susquehanna University. Argument was had on these exceptions before the court en banc.

In her last will and testament Ella N. Ritter bequeathed to Susquehanna University the sum of $5,000, but this bequest was disallowed by the auditor, who gave as his reasons for so doing that all the assets of the estate were used to pay specific bequests. The auditor found that all the Keystone Custodian Funds in the estate at the time of the death of testatrix were bequeathed specifically to the Woman's Medical College of Pennsylvania, and that all other stocks were bequeathed specifically to the executrices, thereby leaving nothing with which to pay this bequest of $5,000 to Susquehanna University.

### Findings of Fact

The court from the record makes the following findings of fact:

1. Ella N. Ritter died on September 30, 1948.

2. That under her last will and testament dated June 16, 1941, she provided as follows:

"I direct my executors to give Five Thousand (5000) Dollars to the Susquehanna University at Selinsgrove, Pennsylvania, to be known as a Woman's Premedical Scholar Fund."

3. That under her last will and testament dated June 16, 1941, she provided as follows:

"All remaining moneys, bonds and stock are to go to the Woman's Medical College of Pennsylvania, to be used as a students loan fund, to aid needy medical women students."

4. That a codicil to her last will and testament, dated May 8, 1946, reads as follows:

"I, ELLA N. RITTER of Williamsport, State of Pa., do make this my codicil of Will dated June 16, 1941. The money left to the Woman's Medical College of Pa., has been invested in the Keystone custodian funds located in Boston, Mass., through the Arnott, Baker & Co., Bankers, located at 180 Broadway, New

York, N. Y., My American Telephone stock has been sold and other stocks in my safe goes to my executors and divided equally between them after my debts have been all paid.

May 8th 1946

ELLA N. RITTER"

5. That on March 29, 1947, the Williamsport National Bank was appointed guardian for Ella N. Ritter, decedent.

6. That the guardian removed the stocks and bonds located in the safe deposit box of Ella N. Ritter, sold some of the securities and turned over the balance, upon the death of Ella N. Ritter, to the executors.

7. That upon the death of testatrix there were five sets of Keystone Custodian Funds which were later converted into cash by the executors; one certificate in the amount of 1,000 shares of S2 type, another in amount of 1,255 shares of B4 type, another in amount of 969 shares of S3 type, another in amount of 825 shares of B3 type, and another in amount of 367 shares of K1 type.

8. That the auditor appointed by this court held that the Woman's Medical College of Pennsylvania was entitled to the entire proceeds of the Keystone Custodian Funds less certain deductions, on the assumption that there had been a specific bequest of these funds by reason of the codicil hereinbefore recited.

9. That the auditor found that the "other stocks" that were in decedent's safe, and referred to by her in her last will and bequeathed in equal shares to her executors, were removed from the safe during her lifetime by her guardian, and these stocks remained intact and identified in the hands of the guardian at the time of decedent's death, and he awarded these stocks to the two named legatees.

10. That the auditor refused to award anything to Susquehanna University on the grounds that there

were no funds in the estate from which it could be paid.

11. That on or about October 1, 1945, Dr. Ella N. Ritter, testatrix, wrote a letter to the Woman's Medical College, as follows:

"Woman's Med. College of Pa.

"I am to notify you the Woman's Medical College of Pa. that I have invested a sum of money in the Keystone Custodian Funds, an annuity which you will receive monthly. You will receive enough money to educate several women medical students—but I will receive the income of this sum as long as I live. I will be 80 years of age January 1946.

Hope you will always have enough for college needs.

Very truly yours,
Ella N. Ritter
Class of 1893."

12. That the auditor distributed the balance in the hands of the executors as follows:

To Estelle Ritter Hayes and Ella Hillyard Smeed....$  7,478.68
To Woman's Medical College of Pennsylvania....... 43,189.87
Or a total of ................................$50,668.55

13. That the only exceptions taken to the auditor's report were those taken by Susquehanna University.

### Discussion

The decedent's will reads: "All remaining moneys, bonds and stock are to go to Woman's Medical College." Had she died with only this will surviving her, Woman's Medical College would have received a residuary share of her estate only after Susquehanna University had been paid a $5,000 bequest. There would have been no dispute in this event, for the word "remaining" means that which is left over after other dispositions are made.

Decedent, however, left a codicil, containing in its provisions the following: "The money left to Woman's Medical College . . . has been invested in the Keystone Custodian Funds located in Boston". The learned auditor ruled that this codicil, and more particularly the words we have quoted above, changed the bequest to the Woman's Medical College, as far as Keystone Custodian Funds are concerned, from a general bequest to a specific bequest.

Inasmuch as the bulk of decedent's estate had been invested in Keystone Custodian Funds, it followed that the general pecuniary bequest to Susquehanna University could not be paid for lack of funds.

If, however, the gift to Woman's Medical College passes as a general bequest under the residuary clause in the will, then it follows that Susquehanna University will be paid from Keystone Custodian Funds.

A specific legacy may be defined as a bequest of a particular, individualized chattel, fund, or portion of testator's estate, which is set apart from the balance of his property and which is differentiated from all other articles or funds of the same or a similar nature: 57 Am. Jur. 935, §1401.

It is the tendency of the courts to construe legacies of a doubtful nature as general rather than specific. The presumption of intention is in favor of general legacies in the first instance. This aversion of the courts toward construing legacies as specific is usually attributed to the fact that such gifts are subject to ademption in the event their subject matter is disposed of by testator after execution of the will: Pruner's Estate, 222 Pa. 179; Wilson's Estate, 260 Pa. 407; Snyder's Estate, 217 Pa. 71.

A clearly expressed testatorial intention that a particular gift shall be specific must, of course, be respected: Blackstone v. Blackstone, 3 Watts 335. Various particular circumstances relating to the

phraseology or form of the will, or the circumstances surrounding its execution, have been more or less consistently accorded a certain effect on the construction of particular testamentary gifts as to their specific or nonspecific character.

In the instant case, we are of the opinion that the words used in the codicil with respect to the gift left to Woman's Medical College are not disposing words, and were used for the sole purpose of giving information to the Woman's Medical College as to the residue it was receiving.

Blackstone has defined a will as being a legal declaration of one's intention which he wills to be performed after his death. The codicil in question does not dispose. It merely calls attention to the fact that the share of decedent's estate which had been given by the will has been invested in Keystone Custodian Funds. When decedent said "The money left to the Woman's Medical College . . . has been invested", she in no way meant that the entire complexion of her will was to be changed. Had she said "I give my Keystone Custodian Funds to Woman's Medical College", there is no doubt that such a provision would not only be testamentary, but would change the general bequest into a specific bequest.

In our opinion, testator did not intend by this codicil to wipe out the bequest to Susquehanna University, nor do we think that the words she used did this.

It has been held that a gift of residue, including certain property, does not make the gift of that property specific, and implies the payment in full of pecuniary legacies: Thomas Estate, 53 York 25. The gift of the residue to Woman's Medical College in this case implies the payment in full of the pecuniary legacy to Susquehanna College, even though testatrix called attention to the fact that the residue included Keystone Custodian Funds.

Because of the foregoing opinion the other questions raised by appellant became moot. Any other parties affected by these questions have waived their right to complain because they did not file exceptions to the award and finding by the auditor: Schuetz's Est., 315 Pa. 105; Shelley's Est., 288 Pa. 11; T. J. Reynolds v. Reynolds Lumber Company, 175 Pa. 437, and McGlinn's Est., 270 Pa. 373.

### Conclusions of Law

The court makes the following conclusions of law:

1. That the codicil of Ella N. Ritter, dated June 16, 1941, is not testamentary in character insofar as it pertains to Woman's Medical College of Pennsylvania and Keystone Custodian Funds.

2. That Woman's Medical College of Pennsylvania takes under a residuary clause in the last will and testament of Ella N. Ritter.

3. That Woman's Medical College of Pennsylvania takes by general residuary bequest and not by specific bequest.

4. That the gift to Woman's Medical College of Pennsylvania implies the payment in full of the pecuniary legacy to Susquehanna University less proper tax charges.

5. That other parties affected by the questions raised by appellant have waived the right to further complain because of the fact that they did not file exceptions to the auditor's report.

### Order and Decree

And now, April 11, 1951, the exceptions filed by Susquehanna University to the disallowance by the auditor of the bequest of $5,000 are sustained, and it is ordered and decreed that the balance remaining in the hands of the executrices after payment of expenses, according to the audit, be distributed as follows:

1. To Estelle Ritter Hayes and Ella Hillyard Smeed, $7,478.68.

2. To Susquehanna University, $5,000 less proper deductions for inheritance tax payments.

3. To Woman's Medical College of Pennsylvania the amount remaining after payment of the foregoing bequests.